UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| THELMA TINSLEY, personal representative of the Estate of Anna Williams, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 02-CV-2275 |
| ) | |
| CROSSPOINT HUMAN SERVICES, INC., ) ) | |
| Defendant. ) | |

## ORDER

On August 24, 2004, the following motions were filed in this case: (1) Plaintiff's Motion to Consolidate (#23), with supporting Memorandum (#24); (2) Defendant's Motion in Limine (#25); and (3) Defendant's Motion to Exclude Witnesses (#26). On August 31, 2004, Defendant filed a Response to Motion to Consolidate (#27) and Memorandum in Support (#28). Plaintiff did not respond to either of Defendant's motions. For the reasons set forth below, this court rules as follows: (1) Plaintiff's Motion to Consolidate (#23) is GRANTED; (2) Defendant's Motion in Limine (#25) is GRANTED; and (3) Defendant's Motion to Exclude Witnesses (#26) is GRANTED.

ANALYSIS

I. MOTION TO CONSOLIDATE

Plaintiff asks that this case be consolidated with Beth McClyde v. Crosspoint Human Services., Inc., Case No. 02-2276, which is currently pending before this court. Plaintiff states that both cases are scheduled for trial at the same time and involve the same Defendant. Plaintiff further states that both cases involve common issues of law, the issues of whether Defendant engaged in age and disability discrimination, and common issues of fact. Plaintiff notes that both Anna Williams and Beth McClyde worked for Defendant at approximately the same time and provided residential

services to mentally ill and developmentally disabled persons. Both Williams and McClyde lost their jobs at the same time through the same reorganization by which all residential services employees were terminated and required to apply for employment if they wanted to continue working for Defendant. Plaintiff further states that many of the same witnesses would be called for each trial and that the parties are represented by the same counsel in both cases. Plaintiff also argues that there is no likelihood of prejudice or possible confusion if the cases are consolidated and that consolidation will not result in an unfair advantage. Plaintiff has also set out numerous reasons why consolidation will promote judicial economy and reduce expenses for the parties and witnesses.

In its Response and Memorandum, Defendant does not dispute that many of the facts are the same and that the questions of law are substantially similar. Defendant also concedes that consolidation would conserve judicial resources as well as being more economical in other areas. However, Defendant contends that Plaintiff has not shown that the facts pertaining to the reasons for the adverse employment actions were the same, noting that Williams and McClyde applied for different positions, with different qualifications and criteria for employment. Defendant contends that these differences could cause the jury to be confused. Defendant also argues that it would be prejudiced by consolidation. Defendant states:

> The case brought by Ms. Tinsley, on behalf of the deceased Anna Williams, by its nature, will create jury sympathy, solely from the fact that the party alleging discrimination is dead. The effect of this fact on a jury cannot be denied or underestimated in determining whether to grant consolidation of these two actions. Ms. McClyde should not be allowed to benefit from the unfortunate circumstances

2

of Ms. Williams.

Rule 42 of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). The obvious purpose of this rule is to encourage consolidation of actions where judicial economy will be served. Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir. 1970); Schnellbaecher v. Baskin Clothing Co., 1990 WL 41123, at *1 (N.D. Ill. 1990). Therefore, a district court has discretion to consolidate related cases, which involve common questions of fact and law, under Rule 42(a). Dollens v. Zionts, 2001 WL 1543524, at *2 (N.D. Ill. 2001). However, a court should not consolidate cases when the consolidation will prejudice a party. Dollens, 2001 WL 1543524, at *2.

In this case, there is no dispute that the claims of both Plaintiffs arise out of one event, Defendant's reorganization, or that the issues of law and most of the witnesses will be the same at both trials. See Schnellbaecher, 1990 WL 41123, at *1. This court therefore concludes that the interests of judicial economy and the interests of avoiding unnecessary costs and inconvenience to the witnesses would clearly be served by consolidating the two cases. This court further concludes that these interests are not outweighed by the fact that there are some factual differences between the two cases or by Defendant's claim that it may be prejudiced by consolidation. This court notes that it will instruct the jury that the claims of each Plaintiff are separate and must be given separate consideration. Accordingly, in the exercise of its discretion, this court orders that this case is consolidated with McClyde v. Crosspoint Human Services, Inc., Case No. 02-2276, for trial.

## II.  MOTION IN LIMINE

In its Motion in Limine (#25), Defendant asks that this court bar Plaintiff from presenting evidence regarding the issuance of a right to sue letter by the EEOC and the determination of the EEOC that there was reasonable cause to believe that Defendant discriminated against Williams. Defendant argues that the introduction of this evidence would be prejudicial to Defendant because it would not have the opportunity to explain the determination.  As noted, Plaintiff has not responded to this Motion.  Rule 7.1(B) of the Local Rules of the Central District of Illinois provides that this court may, therefore, "presume there is no opposition."  This court further notes that this court, in its discretion, may refuse to admit EEOC determinations of discrimination if it concludes that the prejudicial effect of admitting the evidence outweighs its probative value.  See Young v. James Green Mgmt., Inc., 327 F.3d 616, 624-25 (7th Cir. 2003); Tulloss v. Near N. Montessori Sch., Inc., 776 F.2d 150, 153-54 (7th Cir. 1985).  This court agrees with Defendant that it would be prejudiced by the introduction of this evidence and that the prejudicial effect outweighs any probative value of this evidence.

For the reasons stated, Defendant's Motion in Limine (#25) is GRANTED.

## III. MOTION TO EXCLUDE WITNESSES

In its Motion to Exclude Witnesses (#26), Defendant asks that this court enter an order excluding witnesses at trial and directing that the parties refrain from discussing the testimony of witnesses with witnesses yet to be called.  Plaintiff has not responded to this Motion, and this court may "presume there is no opposition."  C.D. Ill. L. R. 7.1(B).  Accordingly, Defendant's Motion to Exclude Witnesses (#26) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Consolidate (#23) is GRANTED. This case is consolidated with <u>McClyde v. Crosspoint Human Services, Inc.</u>, Case No. 02-2276, for trial.

(2) Defendant's Motion in Limine (#25) is GRANTED.

(3) Defendant's Motion to Exclude Witnesses (#26) is GRANTED.

(4) This case remains scheduled for a final pretrial conference on September 7, 2004, at 2:30 p.m. and a jury trial on September 20, 2004, at 9:00 a.m.

ENTERED this 3rd day of September, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE