E-FILED
Monday, 13 September, 2004 03:20:05 PM
Clerk, U.S. District Court, ILCD

SEP 10 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THELMA TINSLEY, Personal Representative, Of the Estate of Anna Williams, | ) ) | |
| Plaintiff, | ) ) | No. 02-2275 |
| BETH MCCLYDE, | ) ) | No. 02-2276 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CROSSPOINT HUMAN SERVICES, | ) ) | |
| Defendant. | ) | |

## PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and David L. Stanczak having appeared as counsel for the plaintiffs, and Carlton M. Kagawa having appeared as counsel for the defendant, the following action was taken:

### NATURE OF ACTION AND JURISDICTION

This is an action for redress of civil rights violations_and the jurisdiction of the Court is invoked under 42.U.S.C §§, 331, and 1343 (a) (4)

**JOINT STATEMENT**

A.   JURISDICTION

This case is brought under the Age Discrimination in Employment Act (ADEA) (29 U.S.C., § 621, et seq.) and the Americans with Disabilities Act (ADA) (42 U.S.C., § 12101 et seq.) The complaint alleges that on and before April 3, 2001 Beth McClyde and Anna Williams were employed by Crosspoint Human Service, Inc. ("CrossPoint"); that McClyde and Williams, along with all other employees of Crosspoint working in residential services, were notified that their positions would be eliminated as of April 30, and that, if they wished to work for Crosspoint thereafter, they would need to apply. The complaint alleges that Williams was over 40 years of age, that both McClyde and Williams were suffering for disabilities as of April 30, 2001, and that both were denied re-employment. The complaint further alleges that although qualified for the position they applied for that younger and less qualified persons were retained or hired from outside the organization. The defendant denies all of the above allegations. These allegations coupled with the fact that Crosspoint meets the twenty employee threshold for the ADEA and the fifteen employee threshold of the ADA, indicates that they are protected by the ADEA and ADA and establishes federal question jurisdiction of the court.

B.   UNCONTESTED ISSUES OF FACT

1. Beth McClyde is a citizen of the United States and a resident of Vermilion Count, Illinois.

2, Anna Williams, at all times relevant to this case was a citizen of the United States and a resident of Vermilion County, Illinois.

3. Crosspoint Human Services, Inc. is a not-for-profit corporation doing business in the State of Illinois, with its principal office located in Vermilion County.

4. Among other services, Crosspoint maintains residential facilities for persons who are mentally ill or developmentally disabled; these homes are staffed around the clock by employees of Crosspoint collectively known as "residential services staff".

5. Crosspoint is run by a board of directors, but its day to day operations are run by Executive Director, Thorn Pollock ("Pollock"), who is hired by and reports to the board.

6. In the Winter 2000-2001, Pollock determined to reorganize the residential program. The announced purposes for the reorganization was to improve the program by changing the positions of the residential services staff from a combination of full and part-time employees to all full-time employees; and to insure that the residential services staff supported, the goal of making the residents as self-sufficient as possible, rather than providing custodial care.

7. To implement the reorganization, Crosspoint sent a letter to all residential services employees informing them that their present jobs would not exist after April 30, 2001 and that any employees who wished to work in residential services after that date would have to submit an application for employment.

8. In March, 2001, Pollock met witth residential services employees to explain the reorganization and to answer questions about it.

9. Anna Williams was employed by Crosspoint as a counselor prior to April 30, 2001.

10. Williams applied for a third shift position as a ("tech") technician but was rejected. Williams was

   61 years of age.

11. Beth McClyde was employed by Crosspoint as a counselor prior to April 30, 2001.

12. McClyde applied for a supervisor position, but was rejected. McClyde was 38 yrs of age.

13. On January 15, 2002, Anna Williams died.


C      CONTESTED ISSUES OF FACT

1. Whether ~~Thom~~ *Thom* Pollock wanted to get rid of older or less physically capable.

   workers.

2. Whether Pollock wanted to get rid of McClyde because she advocated for disabled employees.

3. Whether Crosspoint replaced Anna Williams & Beth McClyde with less qualified individuals.

4. Whether Beth McClyde was treated differently from similarly situated employees.

5. Whether Anna Williams was treated differently from similarly situated employees.

6. Whether the announced reasons for the reorganization were a pretext for.
discrimination.

7. The nature and extent of damages and causation, if any

8. Whether Williams or McClyde were disabled.

9. Whether Williams was qualified for the position

10. Whether McClyde was qualified for the position

11. Whether there was discrimination because of age or disability

12. Whether the re-organization was a pretext for discrimination

13. Whether punitive or liquidated damages are proven

D. CONTESTED LEGAL ISSUES

1. Whether punitive or liquidated damages are legally part of the damage claims of the Plaintiffs based upon the facts.

2. Whether punitive or liquidated damages survive the death of Anna Williams

3. Whether Thelma Tinsley has standing in that the estate of Anna Williams is closed

III. PLAINTIFF'S STATEMENT

A. ITEMIZED STATEMENT OF DAMAGES - BETH MC CLYDE

1. Economic Losses

| | |
|---|---:|
| . Back pay May 2001 - Sept 2004 | $41,525.00 |
| . Front pay (1 yr.) | $20,000.00 |
| . Health insurance | $18,000.00 |
| . Loss of car | $5,100.00 |
| | $81,625.00 |

| | | |
|---|---|---:|
| 2. | Deterioration in condition | $500,000.00 |
| | Mental Anguish | $500,000.00 |
| | Punitive Damages | $100,000.00 |
| | TOTAL | $1,081,625.00 |

B. ITEMIZED STATEMENT OF DAMAGES - THELMA TINSLEY

    1. Economic Losses                                        $ 11,118.00

    2. Liquidated damages                               11,118.00

                                                             _____

TOTAL                                                   $ 22,236.00

Witness List for Plaintiff
Beth McClyde

| THELMA TINSLEY, Personal Representative, | ) Case No.: |
|---|---|
| Of the Estate of Anna Williams, | )   No. 02-2275 |
| Plaintiff, | ) |
| BETH MCCLYDE, | ) |
| Plaintiff, | )   No. 02-2276 |
| v. | ) |
| CROSSPOINT HUMAN SERVICES, | ) |
| Defendant. | ) |

| Witness Name | Address | Expert | Adverse |
|---|---|---|---|
| Beth McClyde | 405 S. Cooke St., Danville, IL | | |
| Linda Erp | 24380 N. 1515 E. Rd., Danville, IL | | |
| Stephanie McCreary | 32 S. Griffith, Danville, IL | | |
| James L. Mason | | | |
| Tracy Grissom | | | |
| Thom Pollock | c/o Crosspoint, 210 Ave. C, Danville, IL | | X |
| Jeana Johnson | c/o Crosspoint, 210 Ave. C, Danville, IL | | X |
| Lisa Rhodes | c/o Crosspoint, 210 Ave. C, Danville, IL | | X |
| Rod Hatcher | Cayuga, IN | | |
| Dr. Jo-mel Laboyog | 806 N. Logan, Danville, IL | | |
| Dr. George Gindi | 511 W. Fairchild Street, Danville, IL | | |
| Dr. Bikranjit Maholtra | 707 N. Logan, Danville, IL | | |

Witness List for Plaintiff
Thelma Tinsley

| THELMA TINSLEY, Personal Representative, | ) Case No.: |
|---|---|
| Of the Estate of Anna Williams, | )   No. 02-2275 |
| Plaintiff, | ) |
| BETH MCCLYDE, | ) |
| Plaintiff, | )   No. 02-2276 |
| v. | ) |
| CROSSPOINT HUMAN SERVICES, | ) |
| Defendant. | ) |

| Witness Name | Address | Expert | Adverse |
|---|---|---|---|
| Beth McClyde | 405 S. Cooke St., Danville, IL | | |
| Thelma Tinsley | 1004 S. Skyline Danville, IL | | |
| Yuvonna Tinsley | 1905 N. Cunningham, Urbana, IL | | |
| Linda Erp | 24380 N. 1515 E. Rd., Danville, IL | | |
| Stephanie McCreary | 32 S. Griffith, Danville, IL | | |
| Thom Pollock | c/o Crosspoint, 210 Ave. C, Danville, IL | | X |
| Jeana Johnson | c/o Crosspoint, 210 Ave. C, Danville, IL | | X |
| Lisa Rhodes | c/o Crosspoint, 210 Ave. C, Danville, IL | | X |

## WITNESS LIST FOR DEFENDANT

**Case Name:**  
THELMA TINSLEY, personal representative )  
Of the estate of ANNA WILLIAMS           )  
And                                      )  
BETH MCCLYDE                             )  
Plaintiffs                               )  
Vs.                                      )  
CROSSPOINT,                              )  
Defendant                                )  

**Case No.:**  
02-2275  

02-2276  

**Page 1 of 1**

| Witness Name | Address | Expert | Adverse |
|---|---|---|---|
| Thom Pollock | c/o Crosspoint, 210 Avenue C, Danville, IL | | |
| Marlene Tucker | c/o Crosspoint, 210 Avenue C, Danville, IL | | |
| Jeana Johnson | c/o Crosspoint, 210 Avenue C, Danville, IL | | |
| Lisa Rhodes | c/o Crosspoint, 210 Avenue C, Danville, IL | | |
| Suzie Marks | c/o Crosspoint, 210 Avenue C, Danville, IL | | |
| Frank Williams | 1602 Crestview, Danville, IL | | |
| Carol Smock | 27 South Kansas, Danville, IL | | |
| Dr Jo-mel Laboyog | 806 N. Logan, Danville, IL | | |
| Dr George Gindi | 511 W. Fairchild Street, Danville, IL | | |
| Dr Bikranjit Maholtra | 707 N. Logan, Danville, IL | | |
| Rod Hatcher | Covington, IN | | |
| James L. Mason | Danville, IL | | |

Exhibit List for Plaintiff
Beth McClyde

| THELMA TINSLEY, Personal Representative, | ) | Case No.: |
|---|---|---|
| Of the Estate of Anna Williams, | ) | No. 02-2275 |
| Plaintiff, | ) | |
| BETH MCCLYDE, | ) | |
| Plaintiff, | ) | No. 02-2276 |
| v. | ) | |
| CROSSPOINT HUMAN SERVICES, | ) | |
| Defendant. | ) | |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Beth McClyde Personnel File | | ✓ | |
| 2 | VHS tape of Residential Meeting, March 2001 | ✓ | ✓ | |
| 3 | Residential Staff Memo March 2001 | ✓ | ✓ | |
| 4 | Job Description MI Residential Counselor | ✓ | ✓ | |
| 5 | Job Description Tech 1 Residential Services | ✓ | ✓ | |
| 6 | Job Description Supervisor I, Residential Services | ✓ | ✓ | |
| 7 | Job Description Supervisor II, Residential Services | ✓ | ✓ | |
| 8 | Interview Questionnaire | ✓ | ✓ | |
| 9 | Beth McClyde April 10, 2001 letter | ✓ | ✓ | |
| 10 | Beth McClyde April 19, 2001 letter | ✓ | ✓ | |
| 11 | Beth McClyde 2000-2003 income tax return | ✓ | ✓ | |
| 12 | Records of James Mason | | ~~✓~~ | |
| 13 | Records of Dr. Jo-mel Laboyog | | . | |
| 14 | Records of Dr. George Gindi | | | |
| 15 | Records of Dr. Bikranjit Maholtra | | | |

Exhibit List for Plaintiff
Thelma Tinsley

| THELMA TINSLEY, Personal Representative, | ) | Case No.: |
|---|---|---|
| Of the Estate of Anna Williams, | ) | No. 02-2275 |
| Plaintiff, | ) | |
| BETH MCCLYDE, | ) | |
| Plaintiff, | ) | No. 02-2276 |
| v. | ) | |
| CROSSPOINT HUMAN SERVICES, | ) | |
| Defendant. | ) | |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Anna Williams Personnel File | • | ✓ | |
| 2 | VHS tape of Residential Meeting, March 2001 | ✓ | ✓ | |
| 3 | Residential Staff Memo March 2001 | ✓ | ✓ | |
| 4 | Job Description MI Residential Counselor | ✓ | ✓ | |
| 5 | Job Description Tech 1 Residential Services | ✓ | ✓ | |
| 6 | Job Description Supervisor I, Residential Services | ✓ | ✓ | |
| 7 | Job Description Supervisor II, Residential Services | ✓ | ✓ | |
| 8 | Interview Questionnaire | ✓ | ✓ | |
| 9 | Anna Williams April 01, 2001 letter | ✓ | ✓ | |

## EXHIBIT LIST FOR DEFENDANT

| Case Name: | Case No.: | Page 1 of 2 |
|---|---|---|
| THELMA TINSLEY, personal representative ) | 02-2275 | |
| Of the estate of ANNA WILLIAMS ) | | |
| And ) | | |
| BETH MCCLYDE ) | 02-2276 | |
| Plaintiffs ) | | |
| Vs. ) | | |
| CROSSPOINT, ) | | |
| Defendant ) | | |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1(a) | Tape 1 (Residential Meeting, March 2001) | ✓ | ✓ | |
| 1(b) | Tape 2 (Residential Meeting March 2001) | ✓ | ✓ | |
| 1(c) | VHS Tape (copy of 1 (a) and 1 (b)) | ✓ | ✓ | |
| 2 | Residential Staff Memo March 2001 | ✓ | ✓ | |
| 3 | Job Description MI Residential Counsellor | ✓ | ✓ | |
| 4 | Job Description Tech I Residential Services | ✓ | ✓ | |
| 5 | Job Description Supervisor I, Residential Services | ✓ | ✓ | |
| 6 | Job Description Supervisor II, Residential Services | ✓ | ✓ | |
| 7 | Interview Questionnaire | ✓ | ✓ | |
| 8 | Packet of Tech I applications | ✓ | ✓ | |
| 9 | Anna Williams April 10, 2001 Letter | ✓ | ✓ | |
| 10 | Packet of Supervisor II Applications | ✓ | ✓ | |
| 11 | Beth McClyde April 10, 2001 letter | ✓ | ✓ | |
| 12 | Beth McClyde April 19, 2001 letter | ✓ | ✓ | |
| 13 | Crosspoint Personnel Policies, 2.0, 2.1, 3.0 | ✓ | ✓ | |
| 14 | Residential Services Meeting Summary February 22, 2000, June 13, 2000, January 11, 2001. | ✓ | ✓ | |
| 15 | Anna Williams Personnel File or parts thereof, without reference to Illinois Department of Human Rights/ EEOC documents. | | ✓ | |
| 16 | Beth McClyde Personnel File or parts thereof, without reference to Illinois Department of Human Rights/ EEOC documents. | | ✓ | |

| | | | | |
|---|---|---|---|---|
| 17 | Summary Sheet re Employees. Personnel files regarding information will be available | ✓ | ✓ | |
| 18 | Crosspoint Human Services Reports January 1, 2000 – June 30, 2000 July 1, 2000 – December 31, 2000 January 1, 2001 – June 30, 2001 | ✓ | ✓ | |
| 19 | Crosspoint Human Services Report July 1999, January 2000 | ✓ | ✓ | |
| 20 | November 17, 1998, Illinois Department of Human Services letter | ✓ | ✓ | |
| | | | | |
| | | | | |

V. EXHIBITS ATTACHED

B.   Plaintiff's Witness List (for each plaintiff).

C.   Defendant's Witness List (for each defendant).

D.   Plaintiff's Exhibit List (for each plaintiff).

E.   Defendant's Exhibit List (for each defendant).

G.   Proposed Jury Instructions (Joint)

VI. GENERAL ADDITIONAL

IT IS UNDERSTOOD BY THE PARTIES THAT:

   A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.
   It is mutually estimated that the length of trial will not exceed __4__ full days. The case will be listed on the trial calendar to be tried when reached.
   This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.
   Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

   IT IS SO ORDERED

_s/Michael P. McCuskey_
MICHAEL P. MC CUSKEY
U.S. DISTRICT JUDGE

ENTERED: __9/10/04__
APPROVED AS TO FORM AND SUBSTANCE:

_____
Attorney for Plaintiff(s)

_____
Attorney for Defendant(s)