Monday, 13 September, 2004 03:34:15 PM
Clerk, U.S. District Court, ILCD

**E-FILED**

**FILED**

**Witness Credibility**

SEP 10 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor— that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

### Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence of lack thereof. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

### Effect of Inference on Burden of Proof—Inference Against Defendant Does Not Shift Burden of Proof

The mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence (or clearly and convincingly). If the plaintiff is to obtain a verdict, you must still believe from the credible evidence that he has sustained the burden cast upon him. If he has failed, then your verdict must be for the defendant. If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

**Consider damages only if necessary**

If the Plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on the plaintiffs claim, then you must determine the damages to which the Plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

### Nominal Damages

If you find after considering all the evidence presented, that the defendant violated the plaintiffs rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of the violation or breach, you may award the plaintiff "nominal damages". Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that you are unable to compute monetary damage except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurable inured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages. Nominal damages may not be awarded for more than a token sum.

**Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor— that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Defendant's Instruction No. _____
Form Instruction 76-1

**Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Defendant's Instruction No. _____
Form Instruction 76-2

### Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence of lack thereof. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Defendant's Instruction No. _____
Form Instruction 71-10

### Effect of Inference on Burden of Proof—Inference Against Defendant Does Not Shift Burden of Proof

The mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence (or clearly and convincingly). If the plaintiff is to obtain a verdict, you must still believe from the credible evidence that he has sustained the burden cast upon him. If he has failed, then your verdict must be for the defendant. If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

Defendant's Instruction No. _____
Form Instruction 75-2

**Consider damages only if necessary**

If the Plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on the plaintiffs claim, then you must determine the damages to which the Plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

Defendant's Instruction No. _____
Form Instruction 77-1

**Nominal Damages**

If you find after considering all the evidence presented, that the defendant violated the plaintiffs rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of the violation or breach, you may award the plaintiff "nominal damages". Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that you are unable to compute monetary damage except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurable inured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages. Nominal damages may not be awarded for more than a token sum.

Defendant's Instruction No. _____
Form Instruction 77-6

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept theses instructions of law and apply them to the facts as you determine them, just as is has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be--- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there maybe on the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and determine the weight of the evidence.

In determining these issues, no one may invade you province or functions as jurors. In order for you to determine the facts, you must rely upon you own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

### Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely, entirely any evidence which ahs been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.



## Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show nay prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I have already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinions as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Right to See Exhibits and Hear Testimony; Communications With Court.**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always to locate what you might want, so be specific as you possibly can in requesting exhibits or portions of the testimony.

Your request for exhibits or testimony, in fact any communication with the court, should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### Juror Oath

In determining the facts you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach and true verdict.

### General Evidence Instructions

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answer that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he has, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked fro identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence does not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Elements of the Claim**

Under the Americans With Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

**Second Element—Qualified Individual**

The second element of a claim under the Americans With Disabilities Act is that the plaintiff is a "qualified individual."

To satisfy this element, the plaintiff must prove two things by a preponderance of the evidence: first that she is otherwise qualified for the position the plaintiff holds (or desires), and, second that, with or without reasonable accommodation, the plaintiff can perform the essential functions of that employment position. I will now define some of these terms for you.

**Discrimination**

The third element of a claim under the Americans With Disabilities Act is that the defendant discriminated against plaintiff because of the disability.

To satisfy this element, the plaintiff must prove by a preponderance of the evidence that the defendant took an adverse employment action against plaintiff because of plaintiff's disability or that the disability was a motivating factor in the decision to take that adverse action (or the defendant failed to make reasonable accommodation as required by the ADA).

As I stated the defendant must have acted because of plaintiff's disability or the disability was a motivating factor in the decision to take that adverse action. This means that the plaintiff's disability was a factor that made a difference in the decision to take this action. Thus, this element is not satisfied if you find that the defendant would have taken the same action in the absence of plaintiff's disability.

In order for the disability to have been a motivating factor in the defendant's decision, the defendant must have known that the plaintiff had a disability. This means that the person who made the decision to take the adverse action knew that plaintiff had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability. An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct of circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence which tends to prove a disputed fact by proof or other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not is it raining. So you have no direct evidence of that fact. But on the combination of the facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value then direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be solely based on a preponderance of all the evidence presented.

## Burden of Proof—Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side right— then you must decide that issue aginst the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## Reprimand of Counsel

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he was doing was proper. You should draw no inference against him or his client. It is the duty of the attorney's to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorney's for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

**Depositions**

Some of the testimony before you is in the form of depositions, which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence which tends to prove a disputed fact by proof or other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not is it raining. So you have no direct evidence of that fact. But on the combination of the facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value then direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be solely based on a preponderance of all the evidence presented.

## Essential Functions of the Position

If you find that the plaintiff was otherwise qualified for the position, then the next step is to determine whether she has proven by a preponderance of the evidence that she was able to perform the essential functions of the employment position with or without reasonable accommodation.

In order to make this determination, you will need to determine what were the essential functions of the employment position in question. The "essential functions of an employment position" are the basic, fundamental duties of a job that a person must be able to perform in order to hold a particular position. Essential functions do not include marginal job duties of the position.

A job function may be considered essential for any of several reasons.  These include, but are not limited to, the following:
1. the reason the position exists is to perform that function;
2. there are limited number of employees available among whom the performance of that job function can be distributed; and
3. the job function is highly specialized and the person in that position is hired for her expertise or ability to perform that particular job function.

In determining whether or not a particular job function is essential, you may, along with all of the evidence which has been presented to you, consider the following factors:
- a. the employer's judgment as to which functions of the job are essential;
- b. written job descriptions prepared by the employer for advertising or posting the position;
- c. written job descriptions prepared by the employer for use in interviewing applicants for the position;
- d. the amount of time spent performing the function;
- e. the consequences of not requiring the person holding the position to perform the function;
- f. the terms of any collective bargaining agreement;
- g. the work experience of past employees who have held the position; and
- h. the work experience of current employees who hold similar positions.

The plaintiff must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that the term for you, at the time of her termination. An employer may not base an employment decision on speculation that the plaintiff's disability might worsen to the extent that the plaintiff would not be qualified individual at some time in the

future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

**Business Judgment Instruction**

You may not return a verdict for plaintiff just because you might disagree with the defendants' decision or believe it to be harsh or unreasonable.

### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate her for any loss proximately caused by the defendant's conduct.

These are known as "compensatory damages". Compensatory damages seek to make the plaintiff whole- that is, to compensate him or her for damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

## AGE DISCRIMINATION

[ 1 ] -- General Instructions

The plaintiff bases his lawsuit on the Age Discrimination in Employment Act (ADEA). That Act provides in pertinent part:

( a )  It shall be unlawful for an employer—

( 1 )  to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

( 2 )  to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

( 3 )  to reduce the wage rate of any of any employee in order to comply with this chapter.

the Act makes it unlawful for an employer to discriminate against an individual 40 or older because of his age.

The purpose of the Age Discrimination in Employment Act Is to promote the employment of older persons base on their ability rather than their age and to prohibit arbitrary age discrimination in employment. In other words, the purpose of this Act is to prevent employment discrimination because of age.

Defendant's Instruction No. _____
Form Instruction 88-23

### Elements of the Claim

Under the Americans With Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

Plaintiff's Prima Facie Case

In a moment I will tell you exactly what the plaintiff must prove in order to establish a presumption that the defendant violated the Age Discrimination in Employment Act. The plaintiff must prove each of the elements I will list, and must do so by a preponderance of the evidence.

If the plaintiff does not prove each of these elements by a preponderance of the evidence, you may not infer that discrimination based upon age has occurred. In that case you must find for the defendant.

There may be times, on specific issues, that the defendant will have the burden of proof by a preponderance of the evidence. I will tell you expressly whenever that is the case. Unless I tell you otherwise, the plaintiff has the burden of proof by a preponderance of the evidence.

You must remember throughout this case that, as a general matter, the plaintiff bears the burden of proof, by a preponderance of the evidence, that the defendant discriminated against her on the basis of age.

Direct Evidence of Discrimination

The plaintiff has introduced the direct evidence which she claims proves that the defendant intentionally discriminated against her because of age. This direct evidence consists of the age of the plaintiff and the alleged adverse employment action. The plaintiff will have fulfilled the initial burden if the direct evidence she has introduced proves by a preponderance of the evidence that each of the following three statements is true:

1. That the plaintiff was a member of the class protected by the Act. In other words, that plaintiff was 40 of older;

2. That the defendant took action which adversely affected the plaintiff's employment situation; specifically that she was discharged.; and

3. That, in taking this action, the defendant has intended to discriminate against the plaintiff because of her age.

McDonnell Douglas Formula

Even if she cannot prove by direct evidence that the defendant intentionally discriminated against her because of her age, the plaintiff will nevertheless have fulfilled her initial burden if she establishes by a preponderance of the evidence that each of the following five statements is true:

1. That she, the plaintiff, was a member of the class protected by the Act. In other words, she was 40 or older;

2. That the defendant took action which adversely affected the plaintiff's employment situation, specifically that she was discharged. ;

3. That she, the plaintiff, was qualified for the position from which she was discharged, ; and

4. That the plaintiff was replaced by someone younger or treated less favorably than similarly situated younger employees.

Punitive Damages

I instruct you that even if the plaintiff persuades you that the defendant has violated the ADEA, you may not award the plaintiff damages for pain and suffering or punitive damages.

## ADEA—Disparate Treatment

**Verdict**

**Note:** Complete this from by writing in the names required by your verdict.

On the age discrimination claim of plaintiff Thelma Tinsley, as submitted in Instruction
_____, we find in favor of

_____ (Defendant Crosspoint Human Services)
_____ (Plaintiff Thelma Tinsley)

**Note:** Complete the following paragraphs only if the above finding is in favor of plaintiff.
If the above finding is in favor of defendant, have your foreperson sign and date this
form because you have completed your deliberation on this claim.

We find plaintiff's damages to be:

$_____( stating the amount or, if none, write the word "none")

Was defendant's conduct "willful" as that term is defined in Instruction_____?

[   ] Yes    [   ] No

(Place an "X" in the appropriate space.)


_____
Foreperson


Dated:_____

**Special Interrogatories to the Jury Americans with Disabilities Act Do you find from a preponderance of the evidence:**

1.    That the Plaintiff has a "disability," as defined in the Court's Instructions?

      [   ] Yes        [   ] No

2.    That the Plaintiff was a "qualified individual," as defined in the Court's Instructions?

      [   ] Yes    [   ] No

3.    That the Plaintiff was [refused employment] [discharged from employment] [not promoted] by the Defendant?

      [   ] Yes    [   ] No

4.    That the Plaintiff's disability was a substantial or motivating factor that promoted the Defendant to take action?

      [   ] Yes    [   ] No

      [ Note: if you answered No to any of the preceding questions you need not answer the remaining questions.]

5.    That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

      [   ] Yes    [   ] No

      If your answer is Yes, in what amount? $_____

6.    That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

      [   ] Yes    [   ] No

      If your answer is Yes, in what amount? $_____

7(a).    That a higher management official of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?

      [   ] Yes    [   ] No

(b)     If your answer is Yes, that the Defendant itself has not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

[ ] Yes    [ ] No

(c)     If your answer is Yes, what amount of punitive damages, if any, should be assessed against the Defendant? $_____.

SO SAY WE ALL.

_____
Foreperson

DATED:_____

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept theses instructions of law and apply them to the facts as you determine them, just as is has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be--- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

For the Court'd

Defendant's Instruction No. _____
Form Instruction 71-2

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there maybe on the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and determine the weight of the evidence.

In determining these issues, no one may invade you province or functions as jurors. In order for you to determine the facts, you must rely upon you own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, · it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Defendant's Instruction No. _____
Form Instruction 71-3

## Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely, entirely any evidence which ahs been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Defendant's Instruction No. _____
Form Instruction 71-5

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show nay prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I have already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinions as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Defendant's Instruction No. _____
Form Instruction 71-6

**Right to See Exhibits and Hear Testimony; Communications With Court.**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always to locate what you might want, so be specific as you possibly can in requesting exhibits or portions of the testimony.

Your request for exhibits or testimony, in fact any communication with the court, should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Defendant's Instruction No. _____
Form Instruction 78-1

## Juror Oath

In determining the facts you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach and true verdict.

Defendant's Instruction No. _____
Form Instruction 71-4

**General Evidence Instructions**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answer that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he has, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked fro identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence does not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Defendant's Instruction No. _____
Form Instruction 74-1

**Elements of the Claim**

Under the Americans With Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

Defendant's Instruction No. _____
Form Instruction 88A-3

## Second Element—Qualified Individual

The second element of a claim under the Americans With Disabilities Act is that the plaintiff is a "qualified individual."

To satisfy this element, the plaintiff must prove two things by a preponderance of the evidence: first that she is otherwise qualified for the position the plaintiff holds (or desires), and, second that, with or without reasonable accommodation, the plaintiff can perform the essential functions of that employment position. I will now define some of these terms for you.

Defendant's Instruction No. _____
Form Instruction 88A-12

**Discrimination**

The third element of a claim under the Americans With Disabilities Act is that the defendant discriminated against plaintiff because of the disability.

To satisfy this element, the plaintiff must prove by a preponderance of the evidence that the defendant took an adverse employment action against plaintiff because of plaintiff's disability or that the disability was a motivating factor in the decision to take that adverse action (or the defendant failed to make reasonable accommodation as required by the ADA).

As I stated the defendant must have acted because of plaintiff's disability or the disability was a motivating factor in the decision to take that adverse action. This means that the plaintiff's disability was a factor that made a difference in the decision to take this action. Thus, this element is not satisfied if you find that the defendant would have taken the same action in the absence of plaintiff's disability.

In order for the disability to have been a motivating factor in the defendant's decision, the defendant must have known that the plaintiff had a disability. This means that the person who made the decision to take the adverse action knew that plaintiff had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability. An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

Defendant's Instruction No. _____
Form Instruction 88A-20

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Defendant's Instruction No. _____
Form Instruction 76-4

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct of circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Defendant's Instruction No. _____
Form Instruction 75-1

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence which tends to prove a disputed fact by proof or other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not is it raining. So you have no direct evidence of that fact. But on the combination of the facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value then direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be solely based on a preponderance of all the evidence presented.

Defendant's Instruction No. _____
Form Instruction 74-2

## Burden of Proof—Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side right—then you must decide that issue aginst the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Defendant's Instruction No. _____
Form Instruction 73-2

**Reprimand of Counsel**

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he was doing was proper. You should draw no inference against him or his client. It is the duty of the attorney's to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorney's for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

Defendant's Instruction No. _____
Form Instruction 71-7

## Depositions

Some of the testimony before you is in the form of depositions, which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Defendant's Instruction No. _____
Form Instruction 74-14

## Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence which tends to prove a disputed fact by proof or other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a  wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not is it raining. So you have no direct evidence of that fact. But on the combination of the facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value then direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be solely based on a preponderance of all the evidence presented.

Defendant's Instruction No. _____
Form Instruction 74-2

**Essential Functions of the Position**

If you find that the plaintiff was otherwise qualified for the position, then the next step is to determine whether she has proven by a preponderance of the evidence that she was able to perform the essential functions of the employment position with or without reasonable accommodation.

In order to make this determination, you will need to determine what were the essential functions of the employment position in question. The "essential functions of an employment position" are the basic, fundamental duties of a job that a person must be able to perform in order to hold a particular position. Essential functions do not include marginal job duties of the position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following:
1. the reason the position exists is to perform that function;
2. there are limited number of employees available among whom the performance of that job function can be distributed; and
3. the job function is highly specialized and the person in that position is hired for her expertise or ability to perform that particular job function.

In determining whether or not a particular job function is essential, you may, along with all of the evidence which has been presented to you, consider the following factors:
a. the employer's judgment as to which functions of the job are essential;
b. written job descriptions prepared by the employer for advertising or posting the position;
c. written job descriptions prepared by the employer for use in interviewing applicants for the position;
d. the amount of time spent performing the function;
e. the consequences of not requiring the person holding the position to perform the function;
f. the terms of any collective bargaining agreement;
g. the work experience of past employees who have held the position; and
h. the work experience of current employees who hold similar positions.

The plaintiff must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that the term for you, at the time of her termination. An employer may not base an employment decision on speculation that the plaintiff's disability might worsen to the extent that the plaintiff would not be qualified individual at some time in the

future.  On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

Defendant's Instruction No. _____
Form Instruction 88A-15

## Business Judgment Instruction

You may not return a verdict for plaintiff just because you might disagree with the defendants' decision or believe it to be harsh or unreasonable.

Defendant's Instruction No. _____
Form Instruction 5.58

### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate her for any loss proximately caused by the defendant's conduct.

These are known as "compensatory damages". Compensatory damages seek to make the plaintiff whole- that is, to compensate him or her for damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Defendant's Instruction No. _____
Form Instruction 77-3

## AGE DISCRIMINATION

[ 1 ] -- General Instructions

The plaintiff bases his lawsuit on the Age Discrimination in Employment Act (ADEA). That Act provides in pertinent part:

( a ) It shall be unlawful for an employer—

( 1 ) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

( 2 ) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

( 3 ) to reduce the wage rate of any of any employee in order to comply with this chapter.

the Act makes it unlawful for an employer to discriminate against an individual 40 or older because of his age.

The purpose of the Age Discrimination in Employment Act Is to promote the employment of older persons base on their ability rather than their age and to prohibit arbitrary age discrimination in employment. In other words, the purpose of this Act is to prevent employment discrimination because of age.

## Elements of the Claim

Under the Americans With Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

Defendant's Instruction No. _____
Form Instruction 88A-3

Plaintiff's Prima Facie Case

In a moment I will tell you exactly what the plaintiff must prove in order to establish a presumption that the defendant violated the Age Discrimination in Employment Act. The plaintiff must prove each of the elements I will list, and must do so by a preponderance of the evidence.

If the plaintiff does not prove each of these elements by a preponderance of the evidence, you may not infer that discrimination based upon age has occurred. In that case you must find for the defendant.

There may be times, on specific issues, that the defendant will have the burden of proof by a preponderance of the evidence. I will tell you expressly whenever that is the case. Unless I tell you otherwise, the plaintiff has the burden of proof by a preponderance of the evidence.

You must remember throughout this case that, as a general matter, the plaintiff bears the burden of proof, by a preponderance of the evidence, that the defendant discriminated against her on the basis of age.

Defendant's Instruction No._____
Form Instruction 88-26

Direct Evidence of Discrimination

The plaintiff has introduced the direct evidence which she claims proves that the defendant intentionally discriminated against her because of age. This direct evidence consists of the age of the plaintiff and the alleged adverse employment action. The plaintiff will have fulfilled the initial burden if the direct evidence she has introduced proves by a preponderance of the evidence that each of the following three statements is true:

1. That the plaintiff was a member of the class protected by the Act. In other words, that plaintiff was 40 of older;

2. That the defendant took action which adversely affected the plaintiff's employment situation; specifically that she was discharged.; and

3. That, in taking this action, the defendant has intended to discriminate against the plaintiff because of her age.

Defendant's Instruction No. _____
Form Instruction 88-27

McDonnell Douglas Formula

Even if she cannot prove by direct evidence that the defendant intentionally discriminated against her because of her age, the plaintiff will nevertheless have fulfilled her initial burden if she establishes by a preponderance of the evidence that each of the following five statements is true:

1. That she, the plaintiff, was a member of the class protected by the Act. In other words, she was 40 or older;

2. That the defendant took action which adversely affected the plaintiff's employment situation, specifically that she was discharged. ;

3. That she, the plaintiff, was qualified for the position from which she was discharged, ; and

4. That the plaintiff was replaced by someone younger or treated less favorably than similarly situated younger employees.

Defendant's Instruction No. _____
Form Instruction 88-28

Punitive Damages

I instruct you that even if the plaintiff persuades you that the defendant has violated the
ADEA, you may not award the plaintiff damages for pain and suffering or punitive
damages.

Defendant's Instruction No. _____
Form Instruction 88-40

### ADEA—Disparate Treatment

**Verdict**

**Note:** Complete this from by writing in the names required by your verdict.

On the age discrimination claim of plaintiff Thelma Tinsley, as submitted in Instruction
_____, we find in favor of

_____ (Defendant Crosspoint Human Services)
_____ (Plaintiff Thelma Tinsley)

**Note:** Complete the following paragraphs only if the above finding is in favor of plaintiff.
If the above finding is in favor of defendant, have your foreperson sign and date this
form because you have completed your deliberation on this claim.

We find plaintiff's damages to be:

   $_____( stating the amount or, if none, write the word "none")

Was defendant's conduct "willful" as that term is defined in Instruction_____?

   [   ] Yes    [   ] No

(Place an "X" in the appropriate space.)


_____
Foreperson


Dated:_____

**Special Interrogatories to the Jury Americans with Disabilities Act Do you find from a preponderance of the evidence:**

1.  That the Plaintiff has a "disability," as defined in the Court's Instructions?

    [   ] Yes     [   ] No

2.  That the Plaintiff was a "qualified individual," as defined in the Court's Instructions?

    [   ] Yes    [   ] No

3.  That the Plaintiff was [refused employment] [discharged from employment] [not promoted] by the Defendant?

    [   ] Yes    [   ] No

4.  That the Plaintiff's disability was a substantial or motivating factor that promoted the Defendant to take action?

    [   ] Yes    [   ] No

    [ Note: if you answered No to any of the preceding questions you need not answer the remaining questions.]

5.  That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

    [   ] Yes    [   ] No

    If your answer is Yes, in what amount? $_____

6.  That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

    [   ] Yes  [   ] No

    If your answer is Yes, in what amount? $_____

7(a).  That a higher management official of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?

    [   ] Yes  [   ] No

(b)     If your answer is Yes, that the Defendant itself has not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

[   ] Yes   [   ] No

(c)     If your answer is Yes, what amount of punitive damages, if any, should be assessed against the Defendant? $_____.

SO SAY WE ALL.

_____
Foreperson

DATED:_____