

FILED

SEP 10 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

02 - 2 E-FILED
Monday, 13 September, 2004 03:49:45 PM
Clerk, U.S. District Court, ILCD

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue *are* called the plaintiffs. In this action, the plaintiffs are Thelma Tinsley and Beth McClyde.    The party *[parties]* being sued is *[are]* called the defendant[s]. In this action, the defendant is Crosspoint Human Services, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say" admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.

You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other. The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## § 101.01    Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue *are* called the plaintiffs. In this action, the plaintiffs are Thelma Tinsley and Beth McClyde.    The party *[parties]* being sued is *[are]* called the defendant[*s*]. In this action, the defendant is Crosspoint Human Services, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say" admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.

You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other. The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of plaintiffs' claims and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendant may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. *After the defendant introduces evidence, the plaintiffs may then present rebuttal evidence.*

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

## § 101.02 Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of plaintiffs' claims and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendant may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. *After the defendant introduces evidence, the plaintiffs may then present rebuttal evidence.*

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

The position of the parties can be summarized as follows:

Plaintiffs  Beth McClyde claims that she was discriminated against in her employment by defendant because of her disability.  Plaintiff Thelma Tinsley claims that her mother, Anna Williams was discriminated against in her employment by defendant because of her age and/or disability

Defendant Crosspoint denies those claims.

## § 101.03    Claims and Defenses

The position of the parties can be summarized as follows:

Plaintiffs   Beth McClyde claims that she was discriminated against in her employment by defendant because of her disability.   Plaintiff Thelma Tinsley claims that her mother, Anna Williams was discriminated against in her employment by defendant because of her age and/or disability

Defendant Crosspoint denies those claims.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

### § 101.10 Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

To insure fairness, you must obey the following rules:

1.    Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.    Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.    Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.    During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.    Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.    Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.    Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.    If you need to tell me something, simply give a signed note to the marshal to give to me.

## §101.11    Jury Conduct

To insure fairness, you must obey the following rules:

1.    Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.    Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.    Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.    During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.    Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.    Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.    Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.    If you need to tell me something, simply give a signed note to the marshal to give to me.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

## § 101.13    Notetaking—Permitted

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

I do not believe that it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony. Please do not take any notes while you are in the courtroom.

**§ 101.14    Notetaking—Prohibited**

I do not believe that it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony.  Please do not take any notes while you are in the courtroom.

**Plaintiff No.** \_\_\_\_
**Accepted** \_\_\_\_
**Refused** \_\_\_\_

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or lawyer, please raise your hand immediately and I will see that this is corrected.

## § 101.16    Questions by Jurors—Prohibited

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or lawyer, please raise your hand immediately and I will see that this is corrected.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

## § 101.30    Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

## § 101.31    Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence.  The lawyers and I will do what we can to limit the number and length of these conferences.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

The evidence in the case will consist of the following:

1.   The sworn testimony of the witnesses, no matter who called a witness.
2.   All exhibits received in evidence, regardless of who may have produced the exhibits.
3.   All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notes of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

## § 101.40    Evidence in the Case

The evidence in the case will consist of the following:

1.    The sworn testimony of the witnesses, no matter who called a witness.
2.    All exhibits received in evidence, regardless of who may have produced the exhibits.
3.    All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notes of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## § 101.41   Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinctions between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## § 101.42    Direct and Circumstantial Evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinctions between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## § 101.43    Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## § 101.44    What Is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

## § 101.45    Evidence for Limited Purposes

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

Before the trial began, the parties filed written statements with the court describing their claims and defenses. These statements are known as pleadings. In their pleadings, the parties have admitted certain facts as follows:

*[Read admissions.]*

You will take these admitted facts to be true for purposes of this case.

## § 101.46    Admissions in Pleadings

Before the trial began, the parties filed written statements with the court describing their claims and defenses. These statements are known as pleadings. In their pleadings, the parties have admitted certain facts as follows:

*[Read admissions.]*

You will take these admitted facts to be true for purposes of this case.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

*[Read stipulations.]*

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

## § 101.47      Stipulations at Pretrial Conference

Before the trial of this case, the court held a conference with the lawyers for all the parties.  At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

*[Read stipulations.]*

Since the parties have stipulated to these facts and do not dispute them, you are to take

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

The parties have agreed to certain facts as follows:

[*Read admissions.*]

You will therefore take these facts to be true for the purposes of this case.

**§101.48          Admissions in Stipulations**

The parties have agreed to certain facts as follows:

*[Read admissions.]*

You will therefore take these facts to be true for the purposes of this case.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

## § 101.49    Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

Although no evidence has been introduced on the subject, the court has accepted as proved the fact that [describe].  You must accept this fact as true for purposes of this case.

**§ 102.20    Judicial Notice**

Although no evidence has been introduced on the subject, the court has accepted as proved the fact that [describe].  You must accept this fact as true for purposes of this case.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

Testimony will now be presented through a deposition.  A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial.  A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present or if the testimony in court contradicts the witness' deposition testimony.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read or shown to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

## § 102.23      Deposition as Substantive Evidence

Testimony will now be presented through a deposition.  A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial.  A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present or if the testimony in court contradicts the witness' deposition testimony.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read or shown to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

## § 102.70  Judge's Comments to Lawyer

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## § 102.71     Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law.  Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

## § 102.73    Judge's Comments on Certain Evidence

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without any bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## § 103.01     General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without any bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## § 103.02    Use of Notes

You may use the notes taken by you during the trial.    However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

## § 103.10    Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

## § 103.11    All Persons Equal Before the Law—Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

## § 103.12    All Persons Equal Before the Law—Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Although there are two plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, both are entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

## § 103.13     Multiple Plaintiffs

Although there are two plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, both are entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

*I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.*

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## § 103.30     Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.     The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.     However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

*I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.*

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

## § 103.31  Consideration of the Evidence—Corporate Party's Agents and Employees

A corporation may act only through natural persons as its agents or employees.  In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

The pleadings consist of plaintiff, Thelma Tinsley and Beth McClyde complaints and the defendant's answers. It is my practice to allow the jury to take the pleadings to the jury room.

What is said in the pleadings is not evidence. The purpose of the pleadings is to state the parties' contentions and to determine what factual issues are in dispute between the parties. You are to determine whether the claims made in the pleadings have been established by the evidence.

*Plaintiff, Thelma Tinsley's complaint states the amount of damages she seeks to recover. You are to determine whether Plaintiff, Thelma Tinsley is entitled to recover any amount, and, if so, the exact amount she is to recover in accordance with the evidence and my instructions.*

*Plaintiff, Beth McClyde's complaint states the amount of damages she seeks to recover. You are to determine whether Plaintiff, Beth McClyde is entitled to recover any amount, and, if so, the exact amount she is to recover in accordance with the evidence and my instructions.*

## § 103.32    Instructions if Pleadings Read to or Given to Jury

The pleadings consist of plaintiff, Thelma Tinsley and Beth McClyde complaints and the defendant's answers. It is my practice to allow the jury to take the pleadings to the jury room.

What is said in the pleadings is not evidence. The purpose of the pleadings is to state the parties' contentions and to determine what factual issues are in dispute between the parties. You are to determine whether the claims made in the pleadings have been established by the evidence.

*Plaintiff, Thelma Tinsley's complaint states the amount of damages she seeks to recover. You are to determine whether Plaintiff, Thelma Tinsley is entitled to recover any amount, and, if so, the exact amount she is to recover in accordance with the evidence and my instructions.*

*Plaintiff, Beth McClyde's complaint states the amount of damages she seeks to recover. You are to determine whether Plaintiff, Beth McClyde is entitled to recover any amount, and, if so, the exact amount she is to recover in accordance with the evidence and my instructions.*

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

## § 103.33    Court's Comments Not Evidence

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

## § 103.34    Questions Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

### § 103.50  Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Plaintiffs Thelma Tinsley and Beth McClyde each have the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of that plaintiff's claim by a preponderance of the evidence, you should find for defendant Crosspoint as to that plaintiff's claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## § 104.01    Preponderance of the Evidence

Plaintiffs Thelma Tinsley and Beth McClyde each have the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of that plaintiff's claim by a preponderance of the evidence, you should find for defendant Crosspoint as to that plaintiff's claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

## § 104.04  "If You Find" or "If You Decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight and value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## § 104.05    "Direct" and "Circumstantial" Evidence—Defined

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight and value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

You are to consider only the evidence in the case.   However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify.   You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**§ 104.20 "Inferences" Defined**

      You are to consider only the evidence in the case.   However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

      "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

        Unless and until outweighed by evidence to the contrary, you may find that official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

### § 104.21  Presumption of Regularity

Unless and until outweighed by evidence to the contrary, you may find that official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Where it is the duty of a lower or subordinate official to report to the official's supervisor, or where it is the duty of a superior official to report or give information to a lower or subordinate official, you may find that this official duty was regularly performed, in the absence of evidence in the case leading you to a different conclusion.

## § 104.22  Finding that Official Report Made

Where it is the duty of a lower or subordinate official to report to the official's supervisor, or where it is the duty of a superior official to report or give information to a lower or subordinate official, you may find that this official duty was regularly performed, in the absence of evidence in the case leading you to a different conclusion.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence in the case leading you to a different conclusion.

## § 104.23  Finding as to Thing Once Proved to Exist

You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence in the case leading you to a different conclusion.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts and summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

## § 104.50  Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts and summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admissions may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

### § 104.53  Oral Statements or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admissions may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## § 104.54 Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**Plaintiff No.** \_\_\_\_
**Accepted** \_\_\_\_
**Refused** \_\_\_\_

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## § 105.01  Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## § 105.02  Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition.    The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## § 105.04  Impeachment—Inconsistent Statement or Conduct
### (Falsus In Uno Falsus In Omnibus)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## § 105.09  Effect of Prior Inconsistent Statements or Conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in the is case. Instructions as to the measure of damages are given for you guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## § 106.01 Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges-judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## § 106.02  Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Plaintiff No. _____
Given _____
Refused _____

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

## § 106.04  Election of Foreperson - General Verdict

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## § 106.07 Verdict Forms - Jury's Responsibility

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Plaintiff No.** _____
**Accepted** \_\_\_\_\_
**Refused** \_\_\_\_\_

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in min also that you are never to reveal to any person- not even to me - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**§   106.08   Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in min also that you are never to reveal to any person- not even to me - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

## § 108.01 Agent of Corporation

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Under the Americans with Disabilities Act (ADA), it is unlawful for an employer to intentionally discriminate against a qualified individual with a disability because of that person's disability.

In this case the plaintiff Beth McClyde claims that defendant Crosspoint Human Services, Inc. intentionally discriminated against her because she had a disability.

The plaintiff Thelma Tinsley claims that defendant Crosspoint Human Services, Inc. discriminated against her mother Anna Williams because Williams had a disability.

Defendant Crosspoint Human Services, Inc. denies these charges.

## § 172.01 Nature of the Claim - Disparate Treatment

Under the Americans with Disabilities Act (ADA), it is unlawful for an employer to intentionally discriminate against a qualified individual with a disability because of that person's disability.

In this case the plaintiff Beth McClyde claims that defendant Crosspoint Human Services, Inc. intentionally discriminated against her because she had a disability.

The plaintiff Thelma Tinsley claims that defendant Crosspoint Human Services, Inc. discriminated against her mother Anna Williams because Williams had a disability.

Defendant Crosspoint Human Services, Inc. denies these charges.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The Americans With Disabilities Act (ADA) provides that:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

## § 172.10 Generally

The Americans With Disabilities Act (ADA) provides that:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Under the ADA, it is unlawful for an employer to discharge or lay off, refuse to employ or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job.

## § 172.11 Disparate Treatment

Under the ADA, it is unlawful for an employer to discharge or lay off, refuse to employ or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

In order for plaintiff Beth McClyde to establish plaintiff's claim of unlawful discrimination by defendant Crosspoint Human Services, Inc., plaintiff Beth McClyde has the burden of proving all the following essential elements by a preponderance of the evidence:

First: Plaintiff Beth McClyde is a disabled person;

Second: Plaintiff Beth McClyde is a person otherwise qualified;

Third: Defendant Crosspoint Human Services, Inc. intentionally discriminated against plaintiff Beth McClyde, that is, the fact that plaintiff Beth McClyde was a qualified person with a disability was a motivating factor in the defendant's decision to terminate and not to rehire plaintiff Beth McClyde; and

Fourth: As a direct result of defendant's actions, plaintiff Beth McClyde sustained damages.

## C. ESSENTIAL ELEMENTS OF
## PLAINTIFF'S CLAIM

### § 172.20  Disparate Treatment

In order for plaintiff Beth McClyde to establish plaintiff's claim of unlawful discrimination by defendant Crosspoint Human Services, Inc., plaintiff Beth McClyde has the burden of proving all the following essential elements by a preponderance of the evidence:

First: Plaintiff Beth McClyde is a disabled person;

Second: Plaintiff Beth McClyde is a person otherwise qualified;

Third: Defendant Crosspoint Human Services, Inc. intentionally discriminated against plaintiff Beth McClyde, that is, the fact that plaintiff Beth McClyde was a qualified person with a disability was a motivating factor in the defendant's decision to terminate and not to rehire plaintiff Beth McClyde; and

Fourth: As a direct result of defendant's actions, plaintiff Beth McClyde sustained damages.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

In order for plaintiff Thelma Tinsley to establish plaintiff's claim of unlawful discrimination by defendant Crosspoint Human Services, Inc., plaintiff Thelma Tinsley has the burden of proving all the following essential elements by a preponderance of the evidence:

First: Plaintiff Anna Williams is a disabled person;

Second: Plaintiff Anna Williams is a person otherwise qualified;

Third: Defendant Crosspoint Human Services, Inc. intentionally discriminated against plaintiff Anna Williams, that is, the fact that plaintiff Anna Williams was a qualified person with a disability was a motivating factor in the defendant's decision to terminate and not to rehire plaintiff Anna Williams; and

Fourth: As a direct result of defendant's actions, plaintiff Anna Williams sustained damages.

## C. ESSENTIAL ELEMENTS OF
## PLAINTIFF'S CLAIM

### § 172.20 Disparate Treatment

In order for plaintiff Thelma Tinsley to establish plaintiff's claim of unlawful discrimination by defendant Crosspoint Human Services, Inc., plaintiff Thelma Tinsley has the burden of proving all the following essential elements by a preponderance of the evidence:

First: Plaintiff Anna Williams is a disabled person;

Second: Plaintiff Anna Williams is a person otherwise qualified;

Third: Defendant Crosspoint Human Services, Inc. intentionally discriminated against plaintiff Anna Williams, that is, the fact that plaintiff Anna Williams was a qualified person with a disability was a motivating factor in the defendant's decision to terminate and not to rehire plaintiff Anna Williams; and

Fourth: As a direct result of defendant's actions, plaintiff Anna Williams sustained damages.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Defendant Crosspoint Human Services, Inc. is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation. However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeablility.

## § 172.25 Respondeat Superior

Defendant Crosspoint Human Services, Inc. is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation. However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeablility.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The term "disability" means:

One: A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

The determination of whether plaintiff Beth McClyde is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including use of a cane, including medication.

## D. DEFINITIONS

### § 172.30 Disability

The term "disability" means:

One: A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

The determination of whether plaintiff Beth McClyde is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including use of a cane, including medication.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The term "disability" means:

One: A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

The determination of whether plaintiff Anna Williams is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including use of a cane, including medication.

## D. DEFINITIONS

### § 172.30  Disability

The term "disability" means:

One: A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

The determination of whether plaintiff Anna Williams is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including use of a cane, including medication.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that plaintiff Beth McClyde held or for which plaintiff Beth McClyde has applied. You should give consideration to, but are not bound by, defendant Crosspoint Human Services, Inc., judgment as to what functions of a job are essential.

## § 172.31  Qualified Individual with a Disability

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that plaintiff Beth McClyde held or for which plaintiff Beth McClyde has applied. You should give consideration to, but are not bound by, defendant Crosspoint Human Services, Inc., judgment as to what functions of a job are essential.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that plaintiff Anna Williams held or for which plaintiff Anna Williams has applied. You should give consideration to, but are not bound by, defendant Crosspoint Human Services, Inc., judgment as to what functions of a job are essential.

### § 172.31  Qualified Individual with a Disability

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that plaintiff Anna Williams held or for which plaintiff Anna Williams has applied. You should give consideration to, but are not bound by, defendant Crosspoint Human Services, Inc., judgment as to what functions of a job are essential.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The ADA defines discrimination as follows:

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

(2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);

(3) utilizing standards, criteria, or methods of administration -

(A) that have the effect of discrimination on the basis of disability; or
(B) that perpetuate the discrimination of others who are subject to common administrative control;

(4) excluding or otherwise denying equal jobsor benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

(5) (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant;

(6) using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity; and

(7) failing to select and administer tests concerning employment in the most effective manner to ensure that, when such test is administered to a job applicant or employee who has a disability that impairs sensory, manual, or speaking skills, such test results accurately reflect the skills, aptitude, or whatever other factor of such applicant or employee that such test purports to measure, rather that reflecting the impaired sensory,

manual, or speaking skills of such employee or applicant (except where such skills are the factors that the test purports to measure).

## § 172.32 Discrimination

The ADA defines discrimination as follows:

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

(2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);

(3) utilizing standards, criteria, or methods of administration -

(A) that have the effect of discrimination on the basis of disability; or
(B) that perpetuate the discrimination of others who are subject to common administrative control;

(4) excluding or otherwise denying equal jobsor benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

(5) (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant;

(6) using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity; and

(7) failing to select and administer tests concerning employment in the most effective manner to ensure that, when such test is administered to a job applicant or employee who has a disability that impairs sensory, manual, or speaking skills, such test results accurately reflect the skills, aptitude, or whatever other factor of such applicant or employee that such test purports to measure, rather that reflecting the impaired sensory,

manual, or speaking skills of such employee or applicant (except where such skills are the factors that the test purports to measure).

**Plaintiff No.** _____
**Accepted** \_\_\_\_\_
**Refused** \_\_\_\_\_

The term "essential job functions" means the fundamental job duties of the employment position plaintiff Anna Williams held or for which plaintiff Anna Williams had applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

**DISABLED EMPLOYEES**

1. Defendant's judgment as to which functions of the job are essential;
2. Written job descriptions prepared for advertising or used when interviewing applicants for the job;
3. The amount of time spent on the job performing the function in question;
4. The consequences of not requiring the person to perform the function;
5. The terms of a collective bargaining agreement if one exists;
6. The work experience of persons who have held the job; and
7. The current work experience of persons in similar jobs.

2:02-cv-02275-MPM-DGB    # 32    Page 144 of 234

## § 172.33 Essential Job Functions

The term "essential job functions" means the fundamental job duties of the employment position plaintiff Anna Williams held or for which plaintiff Anna Williams had applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

**DISABLED EMPLOYEES**

1. Defendant's judgment as to which functions of the job are essential;
2. Written job descriptions prepared for advertising or used when interviewing applicants for the job;
3. The amount of time spent on the job performing the function in question;
4. The consequences of not requiring the person to perform the function;
5. The terms of a collective bargaining agreement if one exists;
6. The work experience of persons who have held the job; and
7. The current work experience of persons in similar jobs.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

The term "essential job functions" means the fundamental job duties of the employment position plaintiff Beth McClyde held or for which plaintiff Beth McClyde had applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

**DISABLED EMPLOYEES**

1. Defendant's judgment as to which functions of the job are essential;
2. Written job descriptions prepared for advertising or used when interviewing applicants for the job;
3. The amount of time spent on the job performing the function in question;
4. The consequences of not requiring the person to perform the function;
5. The terms of a collective bargaining agreement if one exists;
6. The work experience of persons who have held the job; and
7. The current work experience of persons in similar jobs.

## § 172.33  Essential Job Functions

The term "essential job functions" means the fundamental job duties of the employment position plaintiff Beth McClyde held or for which plaintiff Beth McClyde had applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

**DISABLED EMPLOYEES**

1. Defendant's judgment as to which functions of the job are essential;
2. Written job descriptions prepared for advertising or used when interviewing applicants for the job;
3. The amount of time spent on the job performing the function in question;
4. The consequences of not requiring the person to perform the function;
5. The terms of a collective bargaining agreement if one exists;
6. The work experience of persons who have held the job; and
7. The current work experience of persons in similar jobs.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

1. The nature and severity of the plaintiff's impairment;
2. How long the plaintiff's alleged impairment will last or is expected to last; and
3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

1. The geographical area to which plaintiff Beth McClyde has reasonable access;
2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from with Beth McClyde is also disqualified because of the alleged impairment; and
3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Beth McClyde is also disqualified because of the alleged impairment.

## § 172.34 Substantially Limited

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

1. The nature and severity of the plaintiff's impairment;
2. How long the plaintiff's alleged impairment will last or is expected to last; and
3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

1. The geographical area to which plaintiff Beth McClyde has reasonable access;
2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from with plaintiff Beth McClyde is also disqualified because of the alleged impairment; and
3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Beth McClyde is also disqualified because of the alleged impairment.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

1. The nature and severity of the plaintiff's impairment;
2. How long the plaintiff's alleged impairment will last or is expected to last; and
3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

1. The geographical area to which plaintiff Anna Williams has reasonable access;
2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from with plaintiff Anna Williams is also disqualified because of the alleged impairment; and
3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Anna Williams is also disqualified because of the alleged impairment.

## § 172.34 Substantially Limited

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

> 1. The nature and severity of the plaintiff's impairment;
> 2. How long the plaintiff's alleged impairment will last or is expected to last; and
> 3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

> 1. The geographical area to which plaintiff Anna Williams has reasonable access;
> 2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from with plaintiff Anna Williams is also disqualified because of the alleged impairment; and
> 3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Anna Williams is also disqualified because of the alleged impairment.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

"Major activities of life" include such activities as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.

## § 172.35 Major Activities of Life

"Major activities of life" include such activities as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

A person is "regarded as disabled" when (1) the employer mistakenly believe that a person has a physical impairment that substantially limits one or more major life activities, or (2) the employer mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major activities.

## § 172.36 Regarded as Disabled

A person is "regarded as disabled" when (1) the employer mistakenly believe that a person has a physical impairment that substantially limits one or more major life activities, or (2) the employer mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major activities.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Beth McClyde must prove that the plaintiff's record "substantially limits a major life activity."

## § 172.37  Record of Impairment

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Beth McClyde must prove that the plaintiff's record "substantially limits a major life activity."

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Anna Williams must prove that the plaintiff's record "substantially limits a major life activity."

## § 172.37 Record of Impairment

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Anna Williams must prove that the plaintiff's record "substantially limits a major life activity."

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Plaintiff Beth McClyde has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Beth McClyde has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Crosspoint Human Services, Inc.

# E. CAUSATION

## § 172.50 Generally

Plaintiff Beth McClyde has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Beth McClyde has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Crosspoint Human Services, Inc.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Plaintiff Thelma Tinsley has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Thelma Tinsley has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Crosspoint Human Services, Inc.

## E. CAUSATION

### § 172.50 Generally

Plaintiff Thelma Tinsley has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Thelma Tinsley has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Crosspoint Human Services, Inc.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

## § 172.51 Preponderance of the Evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Defendant Crosspoint Human Services, Inc. may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to t he job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant Crosspoint Human Services, Inc. has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant Crosspoint Human Services, Inc. despite the adverse impact.

If you determine plaintiff Beth McClyde proved by a preponderance of the evidence that defendant Crosspoint Human Services, Inc. had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt, then you must decide in favor of plaintiff Beth McClyde.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance

## § 172.63 Business Necessity

Defendant Crosspoint Human Services, Inc. may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to t he job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant Crosspoint Human Services, Inc. has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant Crosspoint Human Services, Inc. despite the adverse impact.

If you determine plaintiff Beth McClyde proved by a preponderance of the evidence that defendant Crosspoint Human Services, Inc. had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt, then you must decide in favor of plaintiff Beth McClyde.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Defendant Crosspoint Human Services, Inc. may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to t he job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant Crosspoint Human Services, Inc. has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant Crosspoint Human Services, Inc. despite the adverse impact.

If you determine plaintiff Thelma Tinsley proved by a preponderance of the evidence that defendant Crosspoint Human Services, Inc. had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt, then you must decide in favor of plaintiff Thelma Tinsley.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance

## § 172.63 Business Necessity

Defendant Crosspoint Human Services, Inc. may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to t he job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant Crosspoint Human Services, Inc. has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant Crosspoint Human Services, Inc. despite the adverse impact.

If you determine plaintiff Thelma Tinsley proved by a preponderance of the evidence that defendant Crosspoint Human Services, Inc. had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt, then you must decide in favor of plaintiff Thelma Tinsley.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Defendant Crosspoint Human Services, Inc. may discharge and refuse to rehire or otherwise adversely affect an employee, including plaintiff Beth McClyde for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that defendant Crosspoint Human Services even though you personally may not approve of the action taken and would have acted differently under the circumstances.

## § 172.64 Business Judgment

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Defendant Crosspoint Human Services, Inc. may discharge and refuse to rehire or otherwise adversely affect an employee, including plaintiff Beth McClyde for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that defendant Crosspoint Human Services even though you personally may not approve of the action taken and would have acted differently under the circumstances.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Defendant Crosspoint Human Services, Inc. may discharge and refuse to rehire or otherwise adversely affect an employee, including plaintiff Anna Williams for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that defendant Crosspoint Human Services even though you personally may not approve of the action taken and would have acted differently under the circumstances.

## § 172.64 Business Judgment

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Defendant Crosspoint Human Services, Inc. may discharge and refuse to rehire or otherwise adversely affect an employee, including plaintiff Anna Williams for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that defendant Crosspoint Human Services even though you personally may not approve of the action taken and would have acted differently under the circumstances.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you find in favor of plaintiff Beth McClyde under Instructions, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant Crosspoint Human Services, Inc. would have terminated and refused to rehire Beth McClyde even if defendant Crosspoint Human Services, Inc. had not considered plaintiff's depression, herniated disc, and pre-cancerous condition.

## § 172.66 Same Decision

If you find in favor of plaintiff Beth McClyde under Instructions, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant Crosspoint Human Services, Inc. would have terminated and refused to rehire Beth McClyde even if defendant Crosspoint Human Services, Inc. had not considered plaintiff's depression, herniated disc, and pre-cancerous condition.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you find in favor of plaintiff Thelma Tinsley under Instructions, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant Crosspoint Human Services, Inc. would have terminated and refused to rehire Anna Williams even if defendant Crosspoint Human Services, Inc. had not considered plaintiff's difficulty in walking and diabetes.

## § 172.66 Same Decision

If you find in favor of plaintiff Thelma Tinsley under Instructions, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant Crosspoint Human Services, Inc. would have terminated and refused to rehire Anna Williams even if defendant Crosspoint Human Services, Inc. had not considered plaintiff's difficulty in walking and diabetes.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you find defendant Crosspoint Human Services, Inc. discriminated against plaintiff Beth McClyde based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Beth McClyde proves were cased by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Beth McClyde experienced as a consequence of the defendant's termination and refused to rehire her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Beth McClyde prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## § 172.70 Compensatory Damages

If you find defendant Crosspoint Human Services, Inc. discriminated against plaintiff Beth McClyde based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Beth McClyde proves were cased by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Beth McClyde experienced as a consequence of the defendant's termination and refused to rehire her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Beth McClyde prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you find defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Anna Williams proves were cased by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Anna Williams experienced as a consequence of the defendant's termination and refused to rehire her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Thelma Tinsley prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## § 172.70 Compensatory Damages

If you find defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Anna Williams proves were cased by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Anna Williams experienced as a consequence of the defendant's termination and refused to rehire her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Thelma Tinsley prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you determine defendant Crosspoint Human Services, Inc. discriminated against plaintiff Beth McClyde in terminating and failing to rehire her, then you must determine the amount of damages that defendant's actions have caused plaintiff Beth McClyde.

You may award as actual damages an amount that reasonably compensates plaintiff Beth McClyde for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Beth McClyde would have received had plaintiff Beth McClyde not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Beth McClyde would have incurred in making those earnings.

## § 172.71 Back Pay

If you determine defendant Crosspoint Human Services, Inc. discriminated against plaintiff Beth McClyde in terminating and failing to rehire her, then you must determine the amount of damages that defendant's actions have caused plaintiff Beth McClyde.

You may award as actual damages an amount that reasonably compensates plaintiff Beth McClyde for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Beth McClyde would have received had plaintiff Beth McClyde not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Beth McClyde would have incurred in making those earnings.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you determine defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams in terminating and failing to rehire her, then you must determine the amount of damages that defendant's actions have caused plaintiff Anna Williams.

You may award as actual damages an amount that reasonably compensates plaintiff Anna Williams for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Anna Williams would have received had plaintiff Anna Williams not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Anna Williams would have incurred in making those earnings.

## § 172.71 Back Pay

If you determine defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams in terminating and failing to rehire her, then you must determine the amount of damages that defendant's actions have caused plaintiff Anna Williams.

You may award as actual damages an amount that reasonably compensates plaintiff Anna Williams for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Anna Williams would have received had plaintiff Anna Williams not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Anna Williams would have incurred in making those earnings.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff Beth McClyde would have earned had plaintiff Beth McClyde not been terminated and refused to be rehired constructively discharged for the period from the date of your verdict until the date when plaintiff Beth McClyde would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff Beth McClyde could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff Beth McClyde if plaintiff Beth McClyde receives it today that if plaintiff Beth McClyde received it in the future, when plaintiff Beth McClyde would other-wise have earned it. It is more valuable because plaintiff Beth McClyde can earn interest on it for the period of time between the date of the award and the date plaintiff would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff Beth McClyde can earn on that amount in the future.

## § 172.72  Front Pay

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff Beth McClyde would have earned had plaintiff Beth McClyde not been terminated and refused to be rehired constructively discharged for the period from the date of your verdict until the date when plaintiff Beth McClyde would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff Beth McClyde could earn on the amount of the award if plaintiff had made a relatively risk-free investment.  The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff Beth McClyde if plaintiff Beth McClyde receives it today that if plaintiff Beth McClyde received it in the future, when plaintiff Beth McClyde would other-wise have earned it.  It is more valuable because plaintiff Beth McClyde can earn interest on it for the period of time between the date of the award and the date plaintiff would have earned the money.  Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff Beth McClyde can earn on that amount in the future.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Plaintiff Beth McClyde claims the acts of defendant Crosspoint Human Services, Inc. were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff Beth McClyde to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff Beth McClyde and then further find from a preponderance of the evidence:

First:    That a higher management official of defendant Crosspoint Human Services, Inc. personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second:  That defendant Crosspoint Human Services, Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant Crosspoint Human Services, Inc., you may consider the financial resources of defendant Crosspoint Human Services, Inc. in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.
2. The amount of time defendant Crosspoint Human Services, Inc. conducted itself in this manner.
3. The amount of compensatory damages.
4. The potential profits defendant Crosspoint Human Services, Inc. may have made from defendant's conduct.
5. The attitudes and actions of defendant's top management after the misconduct was discovered.
6. The effect of the damages award on defendant's financial condition.

## § 172.74 Punitive Damages

Plaintiff Beth McClyde claims the acts of defendant Crosspoint Human Services, Inc. were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff Beth McClyde to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff Beth McClyde and then further find from a preponderance of the evidence:

First:    That a higher management official of defendant Crosspoint Human Services, Inc. personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second:  That defendant Crosspoint Human Services, Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant Crosspoint Human Services, Inc., you may consider the financial resources of defendant Crosspoint Human Services, Inc. in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.
2. The amount of time defendant Crosspoint Human Services, Inc. conducted itself in this manner.
3. The amount of compensatory damages.
4. The potential profits defendant Crosspoint Human Services, Inc. may have made from defendant's conduct.
5. The attitudes and actions of defendant's top management after the misconduct was discovered.
6. The effect of the damages award on defendant's financial condition.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

Plaintiff Thelma Tinsley claims the acts of defendant Crosspoint Human Services, Inc. were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff Thelma Tinsley to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff Thelma Tinsley and then further find from a preponderance of the evidence:

First:    That a higher management official of defendant Crosspoint Human Services, Inc. personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second:  That defendant Crosspoint Human Services, Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant Crosspoint Human Services, Inc., you may consider the financial resources of defendant Crosspoint Human Services, Inc. in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.
2. The amount of time defendant Crosspoint Human Services, Inc. conducted itself in this manner.
3. The amount of compensatory damages.
4. The potential profits defendant Crosspoint Human Services, Inc. may have made from defendant's conduct.
5. The attitudes and actions of defendant's top management after the misconduct was discovered.
6. The effect of the damages award on defendant's financial condition.

### § 172.74 Punitive Damages

Plaintiff Thelma Tinsley claims the acts of defendant Crosspoint Human Services, Inc. were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle the plaintiff Thelma Tinsley to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff Thelma Tinsley and then further find from a preponderance of the evidence:

First:    That a higher management official of defendant Crosspoint Human Services, Inc. personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second:  That defendant Crosspoint Human Services, Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant Crosspoint Human Services, Inc., you may consider the financial resources of defendant Crosspoint Human Services, Inc. in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of defendant's conduct.
2. The amount of time defendant Crosspoint Human Services, Inc. conducted itself in this manner.
3. The amount of compensatory damages.
4. The potential profits defendant Crosspoint Human Services, Inc. may have made from defendant's conduct.
5. The attitudes and actions of defendant's top management after the misconduct was discovered.
6. The effect of the damages award on defendant's financial condition.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

Plaintiff Beth McClyde must make every reasonable effort to minimize of reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant Crosspoint Human Services, Inc. must prove by a preponderance of the evidence that the plaintiff Beth McClyde failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff Beth McClyde is entitled to damages, you must reduce these damages by

1. What plaintiff Beth McClyde earned and
2. What plaintiff Beth McClyde could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Beth McClyde must accept employment that is "of a like nature."    In determining whether employment is a "of a like nature," you may consider

1. The type of work,
2. The hours worked,
3. The compensation,
4. The job security,
5. The working conditions, and
6. Other conditions of employment.

You must decide whether plaintiff Beth McClyde acted reasonably in not seeking or accepting a particular job. If you determine plaintiff Beth McClyde did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff Beth McClyde for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

## § 172.75 Mitigation of Damages

Plaintiff Beth McClyde must make every reasonable effort to minimize of reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant Crosspoint Human Services, Inc. must prove by a preponderance of the evidence that the plaintiff Beth McClyde failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff Beth McClyde is entitled to damages, you must reduce these damages by

1.  What plaintiff Beth McClyde earned and
2.  What plaintiff Beth McClyde could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Beth McClyde must accept employment that is "of a like nature." In determining whether employment is a "of a like nature," you may consider

1.  The type of work,
2.  The hours worked,
3.  The compensation,
4.  The job security,
5.  The working conditions, and
6.  Other conditions of employment.

You must decide whether plaintiff Beth McClyde acted reasonably in not seeking or accepting a particular job. If you determine plaintiff Beth McClyde did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff Beth McClyde for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

On the disability claim of plaintiff Beth McClyde, as submitted in Instruction _____, we find in favor of (check one)

☐  Plaintiff _____ or

☐  Defendant _____.

Complete the following paragraphs only if the above finding is in favor of plaintiff Beth McClyde. If the above finding is in favor of defendant Crosspoint Human Services, Inc., have your foreperson sign and date this form because you have completed you deliberation on this claim.

We find plaintiff's damages as defined in Instruction _____ to be:

$_____ (stating the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant _____, as submitted in Instruction _____, as follows:

$_____ (stating the amount or, if non, write the word "none").

### § 172.80  Verdict Form

On the disability claim of plaintiff Beth McClyde, as submitted in Instruction _____, we find in favor of (check one)

☐  Plaintiff _____ or

☐  Defendant _____.

Complete the following paragraphs only if the above finding is in favor of plaintiff Beth McClyde.  If the above finding is in favor of defendant Crosspoint Human Services, Inc., have your foreperson sign and date this form because you have completed you deliberation on this claim.

We find plaintiff's damages as defined in Instruction _____ to be:

$_____ (stating the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant _____, as submitted in Instruction _____, as follows:

$_____ (stating the amount or, if non, write the word "none").

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

On the disability claim of plaintiff Thelma Tinsley, as submitted in Instruction _____, we find in favor of (check one)

☐  Plaintiff _____ or

☐  Defendant _____ .

Complete the following paragraphs only if the above finding is in favor of plaintiff Thelma Tinsley. If the above finding is in favor of defendant Crosspoint Human Services, Inc., have your foreperson sign and date this form because you have completed you deliberation on this claim.

We find plaintiff's damages as defined in Instruction _____ to be:

$_____ (stating the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant _____, as submitted in Instruction _____, as follows:

$_____ (stating the amount or, if non, write the word "none").

## § 172.80 Verdict Form

On the disability claim of plaintiff Thelma Tinsley, as submitted in Instruction _____, we find in favor of (check one)

☐ Plaintiff _____ or

☐ Defendant _____.

Complete the following paragraphs only if the above finding is in favor of plaintiff Thelma Tinsley. If the above finding is in favor of defendant Crosspoint Human Services, Inc., have your foreperson sign and date this form because you have completed you deliberation on this claim.

We find plaintiff's damages as defined in Instruction _____ to be:

$_____ (stating the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant _____, as submitted in Instruction _____, as follows:

$_____ (stating the amount or, if non, write the word "none").

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Do find from a preponderance of the evidence:

1. That plaintiff Beth McClyde had a "disability," as defined in these instructions?
   Answer Yes or No _____

2. That plaintiff Beth McClyde was a "qualified individual," as defined in these instructions?
   Answer Yes or No _____

3. That plaintiff Beth McClyde was terminated and refused re-employment by defendant Crosspoint Human Services Inc.?
   Answer Yes or No _____

4. That plaintiff's disability was a substantial or motivating factor that prompted defendant Crosspoint Human Services Inc. to take that action?
   Answer Yes or No _____
   *Note:* If you answered "No" to any of the preceding questions you need not answer the remaining questions.

5. That plaintiff Beth McClyde should be awarded damages to compensate for a net loss of wages and benefits to the date of trail?
   Answer Yes or No _____
   If your answer is Yes, in what amount? $_____

6. That plaintiff Beth McClyde should be awarded damages to compensate for emotional pain and mental anguish?
   Answer Yes or No _____
   If you answer is "Yes," in what amount? $_____

   7(a)    That a higher management official of defendant Crosspoint Human Services Inc. acted with malice or reckless indifference to plaintiff's federally protected rights?
   Answer Yes or No _____

   (b)    If your answer is "Yes," that defendant Crosspoint Human Services Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?
   Answer Yes or No_____

   (c)    If your answer is "Yes," what amount of punitive damages, if any, should be assessed against defendant Crosspoint Human Services Inc.? $_____ .

## § 172.81  Jury Interrogatories-Disparate Treatment

Do find from a preponderance of the evidence:

1. That plaintiff Beth McClyde had a "disability," as defined in these instructions?
Answer Yes or No _____

2. That plaintiff Beth McClyde was a "qualified individual," as defined in these instructions?
Answer Yes or No _____

3. That plaintiff Beth McClyde was terminated and refused re-employment by defendant Crosspoint Human Services Inc.?
Answer Yes or No _____

4. That plaintiff's disability was a substantial or motivating factor that prompted defendant Crosspoint Human Services Inc. to take that action?
Answer Yes or No _____
*Note:* If you answered "No" to any of the preceding questions you need not answer the remaining questions.

5. That plaintiff Beth McClyde should be awarded damages to compensate for a net loss of wages and benefits to the date of trail?
Answer Yes or No _____
If your answer is Yes, in what amount? $_____

6. That plaintiff Beth McClyde should be awarded damages to compensate for emotional pain and mental anguish?
Answer Yes or No _____
If you answer is "Yes," in what amount? $_____

   7(a)    That a higher management official of defendant Crosspoint Human Services Inc. acted with malice or reckless indifference to plaintiff's federally protected rights? Answer Yes or No _____

   (b)    If your answer is "Yes," that defendant Crosspoint Human Services Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?
Answer Yes or No_____

   (c)    If your answer is "Yes," what amount of punitive damages, if any, should be assessed against defendant Crosspoint Human Services Inc.? $_____.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Do find from a preponderance of the evidence:

1. That plaintiff Anna Williams had a "disability," as defined in these instructions?
   Answer Yes or No _____

2. That plaintiff Anna Williams was a "qualified individual," as defined in these instructions?
   Answer Yes or No _____

3. That plaintiff Anna Williams was terminated and refused re-employment by defendant Crosspoint Human Services Inc.?
   Answer Yes or No _____

4. That plaintiff's disability was a substantial or motivating factor that prompted defendant Crosspoint Human Services Inc. to take that action?
   Answer Yes or No _____
   *Note:* If you answered "No" to any of the preceding questions you need not answer the remaining questions.

5. That plaintiff Thelma Tinsley should be awarded damages to compensate for a net loss of wages and benefits to the date of trail?
   Answer Yes or No _____
   If your answer is Yes, in what amount? $_____

6. That plaintiff Thelma Tinsley should be awarded damages to compensate for emotional pain and mental anguish?
   Answer Yes or No _____
   If you answer is "Yes," in what amount? $_____

   7(a)    That a higher management official of defendant Crosspoint Human Services Inc. acted with malice or reckless indifference to plaintiff's federally protected rights?
   Answer Yes or No _____

   (b)    If your answer is "Yes," that defendant Crosspoint Human Services Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?
   Answer Yes or No_____

   (c)    If your answer is "Yes," what amount of punitive damages, if any, should be assessed against defendant Crosspoint Human Services Inc.? $_____.

## § 172.81 Jury Interrogatories-Disparate Treatment

Do find from a preponderance of the evidence:

1. That plaintiff Anna Williams had a "disability," as defined in these instructions?
Answer Yes or No _____

2. That plaintiff Anna Williams was a "qualified individual," as defined in these instructions?
Answer Yes or No _____

3. That plaintiff Anna Williams was terminated and refused re-employment by defendant Crosspoint Human Services Inc.?
Answer Yes or No _____

4. That plaintiff's disability was a substantial or motivating factor that prompted defendant Crosspoint Human Services Inc. to take that action?
Answer Yes or No _____
*Note:* If you answered "No" to any of the preceding questions you need not answer the remaining questions.

5. That plaintiff Thelma Tinsley should be awarded damages to compensate for a net loss of wages and benefits to the date of trail?
Answer Yes or No _____
If your answer is Yes, in what amount? $_____

6. That plaintiff Thelma Tinsley should be awarded damages to compensate for emotional pain and mental anguish?
Answer Yes or No _____
If you answer is "Yes," in what amount? $_____

7(a)    That a higher management official of defendant Crosspoint Human Services Inc. acted with malice or reckless indifference to plaintiff's federally protected rights?
Answer Yes or No _____

(b)    If your answer is "Yes," that defendant Crosspoint Human Services Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?
Answer Yes or No_____

(c)    If your answer is "Yes," what amount of punitive damages, if any, should be assessed against defendant Crosspoint Human Services Inc.? $_____.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Under federal law, an employer may not discriminate against any employee because of that employee's age, when the employees' age is forty years of age or over.

Plaintiff Thelma Tinsley claims that defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams by terminating Anna Williams and later failing to rehire her because of her age.

Defendant Crosspoint Human Services, Inc. denies the charge and contends that her termination and refused to rehire was based on a need to reorganize defendants residential services program.

## § 173.01  Nature of the Action-Disparate Treatment

Under federal law, an employer may not discriminate against any employee because of that employee's age, when the employees' age is forty years of age or over.

Plaintiff Thelma Tinsley claims that defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams by terminating Anna Williams and later failing to rehire her because of her age.

Defendant Crosspoint Human Services, Inc. denies the charge and contends that her termination and refused to rehire was based on a need to reorganize defendants residential services program.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

Federal law makes it unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age, when the employee is 40 years of age or older.

## § 173.10 Generally

Federal law makes it unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age, when the employee is 40 years of age or older.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

In order for plaintiff Thelma Tinsley to prevail on plaintiff's claim against defendant Crosspoint Human Services, Inc. for age discrimination in employment, the plaintiff Thelma Tinsley must prove the following three essential elements by a preponderance of the evidence:

First: That plaintiff Anna Williams was forty years of age or older;

Second: That the plaintiff Anna Williams was discharged and not rehired by defendant Crosspoint Human Services, Inc.; and

Third: That defendant Crosspoint Human Services, Inc. would not have discharged and refused to rehire Anna Williams because of her age. In other words, Anna William's age must have actually played a role in the defendant's decisionmaking process and had a determinative influence on the outcome.

The mere fact that Anna Williams was 40 years of age or older and was terminated and not rehired is not sufficient, in and of itself to establish plaintiff's claim.

## § 173.20 Disparate Treatment

In order for plaintiff Thelma Tinsley to prevail on plaintiff's claim against defendant Crosspoint Human Services, Inc. for age discrimination in employment, the plaintiff Thelma Tinsley must prove the following three essential elements by a preponderance of the evidence:

First:  That plaintiff Anna Williams was forty years of age or older;

Second:  That the plaintiff Anna Williams was discharged and not rehired by defendant Crosspoint Human Services, Inc.; and

Third:  That defendant Crosspoint Human Services, Inc. would not have discharged and refused to rehire Anna Williams because of her age.  In other words, Anna William's age must have actually played a role in the defendant's decisionmaking process and had a determinative influence on the outcome.

The mere fact that Anna Williams was 40 years of age or older and was terminated and not rehired is not sufficient, in and of itself to establish plaintiff's claim.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

In determining whether plaintiff Thelma Tinsley has proven by a preponderance of the evidence that the defendant's reorganization has adversely or disparately impacted on members of plaintiff's protected class, you must consider the extent or the degree of the claimed impact.

## § 173.24 Statistical Evidence

In determining whether plaintiff Thelma Tinsley has proven by a preponderance of the evidence that the defendant's reorganization has adversely or disparately impacted on members of plaintiff's protected class, you must consider the extent or the degree of the claimed impact.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

Defendant Crosspoint Human Services, Inc. is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employees actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employees' duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's delegated authority or outside the scope of the agent or employee's duties may not bind the corporation. However, even though an at is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the complained of was within the scope of authority, you should consider such factors as where the acts took plaice and their foreseeablility.

## § 173.25 Respondeat Superior

Defendant Crosspoint Human Services, Inc. is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employees actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employees' duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's delegated authority or outside the scope of the agent or employee's duties may not bind the corporation. However, even though an at is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the complained of was within the scope of authority, you should consider such factors as where the acts took plaice and their foreseeablility.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If defendant, Crosspoint Human Services, Inc., knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

## § 173.40 Willful

If defendant, Crosspoint Human Services, Inc., knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

A "determinative factor" means that plaintiff Thelma Tinsley must prove defendant, Crosspoint Human Services, Inc., would not have taken the adverse employment action alleged but for Anna William's age.

## § 173.41 Determinative Fact

A "determinative factor" means that plaintiff Thelma Tinsley must prove defendant, Crosspoint Human Services, Inc., would not have taken the adverse employment action alleged but for Anna William's age.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

The term "motivating factor" means a consideration that moved defendant, Crosspoint Human Services, Inc., toward defendant's decision.

## § 173.42 Motivating Factor

The term "motivating factor" means a consideration that moved defendant, Crosspoint Human Services, Inc., toward defendant's decision.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Generally speaking, there are two types of evidence that are generally presented during a trial-direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or indirect" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirct evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

## § 173.44 Direct and Indirect Evidence

Generally speaking, there are two types of evidence that are generally presented during a trial-direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or indirect" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirct evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Plaintiff Thelma Tinsley has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Thelma Tinsley has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Crosspoint Human Services, Inc.

2:02-cv-02275-MPM-DGB    # 32    Page 220 of 234

## § 173.50  Generally

Plaintiff Thelma Tinsley has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Thelma Tinsley has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Crosspoint Human Services, Inc.

**Plaintiff No.\_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## § 173.51 Preponderance of the Evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_\_**

If you find that plaintiff Thelma Tinsley has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant, Crosspoint Human Services, Inc., that the treatment of plaintiff Anna Williams was for a reasonable factor other than age.

Defendant, Crosspoint Human Services, Inc., has only the burden of articulating a legitimate, nondiscriminatory reason for its actions. Defendant, Crosspoint Human Services, Inc., does not have to persuade you of this fact by a required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

*Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.*

*In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, Crosspoint Human Services, Inc., unless you find that defendant's reason was a pretext for discrimination.*

### § 173.66  Good Cause or Reasonable Factor Other than Age

If you find that plaintiff Thelma Tinsley has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant, Crosspoint Human Services, Inc., that the treatment of plaintiff Anna Williams was for a reasonable factor other than age.

Defendant, Crosspoint Human Services, Inc., has only the burden of articulating a legitimate, nondiscriminatory reason for its actions. Defendant, Crosspoint Human Services, Inc., does not have to persuade you of this fact by a required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

*Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.*

*In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, Crosspoint Human Services, Inc., unless you find that defendant's reason was a pretext for discrimination.*

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you find that defendant, Crosspoint Human Services, Inc., unlawfully discriminated against Anna Williams on the basis of her age, then you must determine the amount of damages that Anna Williams has sustained, in any.

That is, you are to award Thelma Tinsley an amount equal to the pay Anna Williams would have received from defendant, Crosspoint Human Services, Inc had Anna Williams not been discharged from the time that Anna Williams was discharged until the date of her death on January 15, 2002.

You should deduct from this sum whatever wages Anna Williams has obtained from other employment during this period.

## § 173.70 Compensatory Damages

If you find that defendant, Crosspoint Human Services, Inc., unlawfully discriminated against Anna Williams on the basis of her age, then you must determine the amount of damages that Anna Williams has sustained, in any.

That is, you are to award Thelma Tinsley an amount equal to the pay Anna Williams would have received from defendant, Crosspoint Human Services, Inc had Anna Williams not been discharged from the time that Anna Williams was discharged until the date of her death on January 15, 2002.

You should deduct from this sum whatever wages Anna Williams has obtained from other employment during this period.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

If you find that Anna Williams was discriminated against by defendant, Crosspoint Human Services, Inc., on the basis of age, then you must decide whether defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff Thelma Tinsley money damages in addition to the back pay that you have awarded.

A violation is willful if defendant, Crosspoint Human Services, Inc., knew its action was a violation of the law, or acted in reckless disregard of that fact. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

## § 173.72 Liquidated Damages

If you find that Anna Williams was discriminated against by defendant, Crosspoint Human Services, Inc., on the basis of age, then you must decide whether defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff Thelma Tinsley money damages in addition to the back pay that you have awarded.

A violation is willful if defendant, Crosspoint Human Services, Inc., knew its action was a violation of the law, or acted in reckless disregard of that fact. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

If you determine the plaintiff, Thelma Tinsley, is entitled to damages in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing defendant, Crosspoint Human Services, Inc., or serving as an example to warn others.

2:02-cv-02275-MPM-DGB    # 32    Page 230 of 234

## § 173.75 No Punitive or Exemplary Damages

If you determine the plaintiff, Thelma Tinsley, is entitled to damages in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing defendant, Crosspoint Human Services, Inc., or serving as an example to warn others.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

1. Do you find by a preponderance of the evidence that the age of Anna Williams was one of the reasons for the decision of defendant Crosspoint Human Services, Inc., [*not to hire*] [*to discharge and refuse to rehire*] Anna Williams?

    _____Yes _____No

    If your answer to Question No. 1 is "Yes," then answer the next two questions.

    If your answer to Question No. 1 is "No," do not answer the following questions.

2. What amount of damages did Ann Williams sustain as a result of defendant's decision [*to discharge and not rehire Anna Williams*] because of her age?

3. Do you find by a preponderance of the evidence that the decision of defendant, Crosspoint Human Services, Inc., [*to discharge and not to rehire*] Anna Williams because of her age was willful as defined in these instructions?

    _____Yes _____No

## § 173.80 Verdict Form

1. Do you find by a preponderance of the evidence that the age of Anna Williams was one of the reasons for the decision of defendant Crosspoint Human Services, Inc., [*not to hire*] [*to discharge and refuse to rehire*] Anna Williams?

        Yes         No

    If your answer to Question No. 1 is "Yes," then answer the next two questions.

    If your answer to Question No. 1 is "No," do not answer the following questions.

2. What amount of damages did Ann Williams sustain as a result of defendant's decision [*to discharge and not rehire Anna Williams*] because of her age?

3. Do you find by a preponderance of the evidence that the decision of defendant, Crosspoint Human Services, Inc., [*to discharge and not to rehire*] Anna Williams because of her age was willful as defined in these instructions?

        Yes         No

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

Do you find from a preponderance of the evidence:

1.  That Anna Williams was employed by the defendant, Crosspoint Human Services, Inc., and was Subsequently discharged and not rehired by defendant, Crosspoint Human Services, Inc.?

    Yes or No _____

2.  That Anna William's age was a substantial or motivating factor that prompted defendant , Crosspoint Human Services, Inc.,  to take that action?

    Yes or No _____

        *Note*: If you answered "No" to either Question No. 1 or Question No. 2 you need not answer the remaining questions.

3.  That plaintiff Thelma Tinsley should be awarded the following damages to compensate for a net loss of wages and benefits to the date of trial?

    Yes or No _____

    If your answer is "Yes," in what amount? $_____

4.  That defendant,  Crosspoint Human Services, Inc.,  "willfully" violated the law (as that term is defined in the Court's instructions)?

## § 173.81 Special Interrogatories to the Jury

Do you find from a preponderance of the evidence:

1. That Anna Williams was employed by the defendant, Crosspoint Human Services, Inc., and was Subsequently discharged and not rehired by defendant, Crosspoint Human Services, Inc.?

   Yes or No _____

2. That Anna William's age was a substantial or motivating factor that prompted defendant , Crosspoint Human Services, Inc., to take that action?

   Yes or No _____

   *Note*: If you answered "No" to either Question No. 1 or Question No. 2 you need not answer the remaining questions.

3. That plaintiff Thelma Tinsley should be awarded the following damages to compensate for a net loss of wages and benefits to the date of trial?

   Yes or No _____

   If your answer is "Yes," in what amount? $_____

4. That defendant, Crosspoint Human Services, Inc., "willfully" violated the law (as that term is defined in the Court's instructions)?

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____