E-FILED

Monday, 13 September, 2004 04:00:10 PM
Clerk, U.S. District Court, ILCD

### § 101.01    Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue *are* called the plaintiffs. In this action, the plaintiffs are Thelma Tinsley and Beth McClyde.    The party *[parties]* being sued is *[are]* called the defendant[s]. In this action, the defendant is Crosspoint Human Services, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say" admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.

You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other. The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law. During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**FILED**

SEP 1 0 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## § 101.02 Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of plaintiffs' claims and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendant may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. *After the defendant introduces evidence, the plaintiffs may then present rebuttal evidence.*

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

### § 101.03    Claims and Defenses

The position of the parties can be summarized as follows:

Plaintiffs  Beth McClyde claims that she was discriminated against in her employment by defendant because of her disability.  Plaintiff Thelma Tinsley claims that her mother, Anna Williams was discriminated against in her employment by defendant because of her age and/or disability

Defendant Crosspoint denies those claims.

## §101.11     Jury Conduct

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the marshal to give to me.

## § 101.13     Notetaking—Permitted

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

## § 101.14   Notetaking—Prohibited

I do not believe that it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony. Please do not take any notes while you are in the courtroom.

## § 101.16    Questions by Jurors—Prohibited

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or lawyer, please raise your hand immediately and I will see that this is corrected.

## § 101.30   Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

## § 101.31    Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

## § 101.41    Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## § 101.43    Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## § 101.44    What Is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## § 101.45    Evidence for Limited Purposes

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

## § 101.46    Admissions in Pleadings

Before the trial began, the parties filed written statements with the court describing their claims and defenses. These statements are known as pleadings. In their pleadings, the parties have admitted certain facts as follows:

*[Read admissions.]*

You will take these admitted facts to be true for purposes of this case.

## § 101.47    Stipulations at Pretrial Conference

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

*[Read stipulations.]*

Since the parties have stipulated to these facts and do not dispute them, you are to take

### §101.48    Admissions in Stipulations

The parties have agreed to certain facts as follows:

*[Read admissions.]*

You will therefore take these facts to be true for the purposes of this case.

## § 101.49    Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

## § 102.20    Judicial Notice

Although no evidence has been introduced on the subject, the court has accepted as proved the fact that [describe]. You must accept this fact as true for purposes of this case.

## § 102.71      Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.   You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

## § 102.73    Judge's Comments on Certain Evidence

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

## § 103.01    General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without any bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## § 103.02    Use of Notes

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## § 103.10     Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

## § 103.11    All Persons Equal Before the Law—Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

## § 103.12    All Persons Equal Before the Law—Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

## § 103.13    Multiple Plaintiffs

Although there are two plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, both are entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

## § 103.31 Consideration of the Evidence—Corporate Party's Agents and Employees

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

## § 103.33   Court's Comments Not Evidence

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

## § 103.34    Questions Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

### § 103.50 Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

## § 104.04 "If You Find" or "If You Decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

## § 104.21 Presumption of Regularity

Unless and until outweighed by evidence to the contrary, you may find that official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

## § 104.50  Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts and summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

## § 104.53 Oral Statements or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admissions may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

## § 104.54  Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## D. DEFINITIONS

### § 172.30  Disability

The term "disability" means:

One: A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

The determination of whether plaintiff Beth McClyde is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including use of a cane, including medication.

## § 172.34 Substantially Limited

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

1. The nature and severity of the plaintiff's impairment;
2. How long the plaintiff's alleged impairment will last or is expected to last; and
3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

1. The geographical area to which plaintiff Beth McClyde has reasonable access;
2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from with plaintiff Beth McClyde is also disqualified because of the alleged impairment; and
3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Beth McClyde is also disqualified because of the alleged impairment.

## § 172.35  Major Activities of Life

"Major activities of life" include such activities as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.

## § 172.37 Record of Impairment

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Beth McClyde must prove that the plaintiff's record "substantially limits a major life activity."

# E. CAUSATION

## § 172.50 Generally

Plaintiff _____ has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff _____ has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant _____.

*[Defendant _____ has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence.]*

## § 172.62 Direct Threat to Health or Safety of Plaintiff or Others

Defendant _____ asserts that plaintiff _____ has been denied an employment opportunity because plaintiff's employment poses a direct threat to the health or safety of others.

You must decide in favor of the defendant _____ if defendant _____ demonstrates by a preponderance of the evidence that a direct threat exists.

The determination that a direct threat exists must be based on a specific personal assessment of plaintiff's present ability to safely perform the essential functions of the job. This assessment of the plaintiff's ability must also be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.

In determining whether plaintiff _____ poses a direct threat, you must consider:

1. The duration of the risk,
2. The nature and severity of the potential harm,
3. The likelihood that the potential harm will occur, and
4. The likely time before the potential harm occurs.

Plaintiff _____ cannot be disqualified under this defense if a reasonable accommodation would neutralize the threat.

Defendant _____ must prove by a preponderance of the evidence that a direct threat exists.

## § 172.63 Business Necessity

Defendant Crosspoint Human Services, Inc. may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to t he job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant Crosspoint Human Services, Inc. has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant Crosspoint Human Services, Inc. despite the adverse impact.

If you determine plaintiff Beth McClyde proved by a preponderance of the evidence that defendant Crosspoint Human Services, Inc. had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt, then you must decide in favor of plaintiff Beth McClyde.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance

## § 172.66 Same Decision

If you find in favor of plaintiff Thelma Tinsley under Instructions, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant Crosspoint Human Services, Inc. would have terminated and refused to rehire Anna Williams even if defendant Crosspoint Human Services, Inc. had not considered plaintiff's difficulty in walking and diabetes.

### § 172.71 Back Pay

If you determine defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams in terminating and failing to rehire her, then you must determine the amount of damages that defendant's actions have caused plaintiff Anna Williams.

You may award as actual damages an amount that reasonably compensates plaintiff Anna Williams for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Anna Williams would have received had plaintiff Anna Williams not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Anna Williams would have incurred in making those earnings.

## § 173.66  Good Cause or Reasonable Factor Other than Age

If you find that plaintiff Thelma Tinsley has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant, Crosspoint Human Services, Inc., that the treatment of plaintiff Anna Williams was for a reasonable factor other than age.

Defendant, Crosspoint Human Services, Inc., has only the burden of articulating a legitimate, nondiscriminatory reason for its actions.  Defendant, Crosspoint Human Services, Inc., does not have to persuade you of this fact by a required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

*Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as it is not unlawful.*

*In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment.  Pretext is not established just because you disagree with the business judgment of defendant, Crosspoint Human Services, Inc., unless you find that defendant's reason was a pretext for discrimination.*

## § 173.70 Compensatory Damages

If you find that defendant, Crosspoint Human Services, Inc., unlawfully discriminated against Anna Williams on the basis of her age, then you must determine the amount of damages that Anna Williams has sustained, if any.

That is, you are to award Thelma Tinsley an amount equal to the pay Anna Williams would have received from defendant, Crosspoint Human Services, Inc had Anna Williams not been discharged from the time that Anna Williams was discharged until the date of her death on January 15, 2002.

You should deduct from this sum whatever wages Anna Williams has obtained from other employment during this period.

## § 106.02 Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## § 108.01 Agent of Corporation

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

### § 172.10 Generally

The Americans With Disabilities Act (ADA) provides that:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

### § 172.75 Mitigation of Damages

Plaintiff Beth McClyde must make every reasonable effort to minimize of reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant Crosspoint Human Services, Inc. must prove by a preponderance of the evidence that the plaintiff Beth McClyde failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff Beth McClyde is entitled to damages, you must reduce these damages by

1. What plaintiff Beth McClyde earned and
2. What plaintiff Beth McClyde could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Beth McClyde must accept employment that is "of a like nature." In determining whether employment is a "of a like nature," you may consider

1. The type of work,
2. The hours worked,
3. The compensation,
4. The job security,
5. The working conditions, and
6. Other conditions of employment.

You must decide whether plaintiff Beth McClyde acted reasonably in not seeking or accepting a particular job. If you determine plaintiff Beth McClyde did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff Beth McClyde for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

## § 172.80 Verdict Form

On the disability claim of plaintiff Thelma Tinsley, as submitted in Instruction _____, we find in favor of (check one)

☐ Plaintiff _____ or

☐ Defendant _____.

Complete the following paragraphs only if the above finding is in favor of plaintiff Thelma Tinsley. If the above finding is in favor of defendant Crosspoint Human Services, Inc., have your foreperson sign and date this form because you have completed you deliberation on this claim.

We find plaintiff's damages as defined in Instruction _____ to be:

$_____ (stating the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant _____, as submitted in Instruction _____, as follows:

$_____ (stating the amount or, if non, write the word "none").

### § 172.81 Jury Interrogatories-Disparate Treatment

Do find from a preponderance of the evidence:

1. That plaintiff Anna Williams had a "disability," as defined in these instructions?
   Answer Yes or No _____

2. That plaintiff Anna Williams was a "qualified individual," as defined in these instructions?
   Answer Yes or No _____

3. That plaintiff Anna Williams was terminated and refused re-employment by defendant Crosspoint Human Services Inc.?
   Answer Yes or No _____

4. That plaintiff's disability was a substantial or motivating factor that prompted defendant Crosspoint Human Services Inc. to take that action?
   Answer Yes or No _____
   *Note:* If you answered "No" to any of the preceding questions you need not answer the remaining questions.

5. That plaintiff Thelma Tinsley should be awarded damages to compensate for a net loss of wages and benefits to the date of trail?
   Answer Yes or No _____
   If your answer is Yes, in what amount? $_____

6. That plaintiff Thelma Tinsley should be awarded damages to compensate for emotional pain and mental anguish?
   Answer Yes or No _____
   If you answer is "Yes," in what amount? $_____

   7(a)    That a higher management official of defendant Crosspoint Human Services Inc. acted with malice or reckless indifference to plaintiff's federally protected rights?
   Answer Yes or No _____

   (b)    If your answer is "Yes," that defendant Crosspoint Human Services Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?
   Answer Yes or No _____

   (c)    If your answer is "Yes," what amount of punitive damages, if any, should be assessed against defendant Crosspoint Human Services Inc.? $_____.

## § 173.24  Statistical Evidence

In determining whether plaintiff Thelma Tinsley has proven by a preponderance of the evidence that the defendant's reorganization has adversely or disparately impacted on members of plaintiff's protected class, you must consider the extent or the degree of the claimed impact.

## § 173.25 Respondeat Superior

Defendant Crosspoint Human Services, Inc. is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employees actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employees' duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's delegated authority or outside the scope of the agent or employee's duties may not bind the corporation. However, even though an at is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the complained of was within the scope of authority, you should consider such factors as where the acts took plaice and their foreseeablility.

## § 173.40 Willful

If defendant, Crosspoint Human Services, Inc., knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

## § 173.72 Liquidated Damages

If you find that Anna Williams was discriminated against by defendant, Crosspoint Human Services, Inc., on the basis of age, then you must decide whether defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff Thelma Tinsley money damages in addition to the back pay that you have awarded.

A violation is willful if defendant, Crosspoint Human Services, Inc., knew its action was a violation of the law, or acted in reckless disregard of that fact. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

## § 173.75 No Punitive or Exemplary Damages

If you determine the plaintiff, Thelma Tinsley, is entitled to damages in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing defendant, Crosspoint Human Services, Inc., or serving as an example to warn others.

## § 101.01     Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue *are* called the plaintiffs. In this action, the plaintiffs are Thelma Tinsley and Beth McClyde.    The party *[parties]* being sued is *[are]* called the defendant[s]. In this action, the defendant is Crosspoint Human Services, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say" admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.

You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other. The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law. During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**Plaintiff No.** \_\_\_\_
**Accepted** \_\_\_\_
**Refused** \_\_\_\_

## § 101.02 Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of plaintiffs' claims and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendant may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. *After the defendant introduces evidence, the plaintiffs may then present rebuttal evidence.*

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 101.03    Claims and Defenses

The position of the parties can be summarized as follows:

Plaintiffs  Beth McClyde claims that she was discriminated against in her employment by defendant because of her disability.  Plaintiff Thelma Tinsley claims that her mother, Anna Williams was discriminated against in her employment by defendant because of her age and/or disability

Defendant Crosspoint denies those claims.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## §101.11    Jury Conduct

To insure fairness, you must obey the following rules:

1.    Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.    Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.    Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.    During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.    Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.    Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.    Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.    If you need to tell me something, simply give a signed note to the marshal to give to me.

Plaintiff No. _____
Accepted _____
Refused _____

### § 101.13    Notetaking—Permitted

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

### § 101.14    Notetaking—Prohibited

I do not believe that it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony. Please do not take any notes while you are in the courtroom.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 101.16     Questions by Jurors—Prohibited

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or lawyer, please raise your hand immediately and I will see that this is corrected.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

## § 101.30    Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 101.31    Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 101.41    Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

## § 101.43     Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

## § 101.44     What Is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 101.45     Evidence for Limited Purposes

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

**Plaintiff No. ___**
**Accepted ___**
**Refused ___**

## § 101.46    Admissions in Pleadings

Before the trial began, the parties filed written statements with the court describing their claims and defenses. These statements are known as pleadings. In their pleadings, the parties have admitted certain facts as follows:

*[Read admissions.]*

You will take these admitted facts to be true for purposes of this case.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 101.47     Stipulations at Pretrial Conference

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

*[Read stipulations.]*

Since the parties have stipulated to these facts and do not dispute them, you are to take

Plaintiff No. _____
Accepted _____
Refused _____

**§101.48        Admissions in Stipulations**

The parties have agreed to certain facts as follows:
[*Read admissions.*]
You will therefore take these facts to be true for the purposes of this case.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**

## § 101.49     Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 102.20   Judicial Notice

Although no evidence has been introduced on the subject, the court has accepted as proved the fact that [describe]. You must accept this fact as true for purposes of this case.

Plaintiff No. ___
Accepted ___
Refused ___

## § 102.71    Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Plaintiff No. _____
Accepted _____
Refused _____

## § 102.73     Judge's Comments on Certain Evidence

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 103.01     General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without any bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Plaintiff No. _____
Accepted _____
Refused _____

### § 103.02    Use of Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____.

## § 103.10      Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**Plaintiff No.** \_\_\_\_
**Accepted** \_\_\_\_
**Refused** \_\_\_\_

## § 103.11     All Persons Equal Before the Law—Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

## § 103.12    All Persons Equal Before the Law—Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 103.13      Multiple Plaintiffs

Although there are two plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, both are entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 103.31 Consideration of the Evidence—Corporate Party's Agents and Employees

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 103.33    Court's Comments Not Evidence

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Plaintiff No. _____
Accepted _____
Refused _____

## § 103.34      Questions Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 103.50 Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Plaintiff No. _____
Accepted _____
Refused _____

## § 104.04  "If You Find" or "If You Decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 104.21 Presumption of Regularity

Unless and until outweighed by evidence to the contrary, you may find that official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

## § 104.50 Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts and summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**Plaintiff No. \_\_\_\_**
**Accepted \_\_\_\_**
**Refused \_\_\_**

## § 104.53 Oral Statements or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admissions may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**Plaintiff No. ____**
**Accepted ____**
**Refused ____**

### § 104.54 Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## D. DEFINITIONS

### § 172.30 Disability

The term "disability" means:

One: A physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two: A record of such an impairment; or

Three: Being regarded as having such an impairment.

The determination of whether plaintiff Beth McClyde is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including use of a cane, including medication.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 172.34 Substantially Limited

Working is a major life activity. However, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. An individual is substantially limited in the major life activity of working only if the individual is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether an individual's impairment substantially limited the individual's ability to work, you should consider the following factors relating to the severity, duration and lasting effect of the impairment:

> 1. The nature and severity of the plaintiff's impairment;
> 2. How long the plaintiff's alleged impairment will last or is expected to last; and
> 3. The permanent or long-term impact of the plaintiff's alleged impairment.

In addition, you may also consider:

1. The geographical area to which plaintiff Beth McClyde has reasonable access;
2. The number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from with plaintiff Beth McClyde is also disqualified because of the alleged impairment; and
3. The number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which plaintiff Beth McClyde is also disqualified because of the alleged impairment.

Plaintiff No. _____
Accepted _____
Refused _____

## § 172.35 Major Activities of Life

"Major activities of life" include such activities as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 172.37 Record of Impairment

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Beth McClyde must prove that the plaintiff's record "substantially limits a major life activity."

Plaintiff No. _____
Accepted _____
Refused _____

# E. CAUSATION

## § 172.50 Generally

Plaintiff _____ has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff _____ has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant _____.

[*Defendant* _____ *has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence.*]

## § 172.62  Direct Threat to Health or Safety of Plaintiff or Others

Defendant _____ asserts that plaintiff _____ has been denied an employment opportunity because plaintiff's employment poses a direct threat to the health or safety of others.

You must decide in favor of the defendant _____ if defendant _____ demonstrates by a preponderance of the evidence that a direct threat exists.

The determination that a direct threat exists must be based on a specific personal assessment of plaintiff's present ability to safely perform the essential functions of the job. This assessment of the plaintiff's ability must also be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.

In determining whether plaintiff _____ poses a direct threat, you must consider:

1.  The duration of the risk,
2.  The nature and severity of the potential harm,
3.  The likelihood that the potential harm will occur, and
4.  The likely time before the potential harm occurs.

Plaintiff _____ cannot be disqualified under this defense if a reasonable accommodation would neutralize the threat.

Defendant _____ must prove by a preponderance of the evidence that a direct threat exists.

## § 172.63 Business Necessity

Defendant Crosspoint Human Services, Inc. may justify an employment practice or decisionmaking process that results in adverse or disparate impact on a particular group by proving that it is job-related and consistent with business necessity. An employment practice or decisionmaking process is job related if it has a clear relationship or connection to t he job or position in question. An employment practice or decisionmaking process that results in an adverse or disparate impact is consistent with business necessity if it substantially promotes safe, efficient, or successful job performance.

If you determine defendant Crosspoint Human Services, Inc. has proved its employment practice or decisionmaking process is job-related and consistent with business necessity, then you must decide in favor of defendant Crosspoint Human Services, Inc. despite the adverse impact.

If you determine plaintiff Beth McClyde proved by a preponderance of the evidence that defendant Crosspoint Human Services, Inc. had a suitable alternative that would have resulted in a lesser adverse impact and the defendant refused to adopt, then you must decide in favor of plaintiff Beth McClyde.

A suitable alternative is one that would have also served the defendant's interest in safe, efficient and successful job performance

Plaintiff No. _____
Accepted _____
Refused _____

## § 172.66 Same Decision

If you find in favor of plaintiff Thelma Tinsley under Instructions, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant Crosspoint Human Services, Inc. would have terminated and refused to rehire Anna Williams even if defendant Crosspoint Human Services, Inc. had not considered plaintiff's difficulty in walking and diabetes.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 172.71 Back Pay

If you determine defendant Crosspoint Human Services, Inc. discriminated against plaintiff Anna Williams in terminating and failing to rehire her, then you must determine the amount of damages that defendant's actions have caused plaintiff Anna Williams.

You may award as actual damages an amount that reasonably compensates plaintiff Anna Williams for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Anna Williams would have received had plaintiff Anna Williams not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Anna Williams would have incurred in making those earnings.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 173.66  Good Cause or Reasonable Factor Other than Age

If you find that plaintiff Thelma Tinsley has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant, Crosspoint Human Services, Inc., that the treatment of plaintiff Anna Williams was for a reasonable factor other than age.

Defendant, Crosspoint Human Services, Inc., has only the burden of articulating a legitimate, nondiscriminatory reason for its actions. Defendant, Crosspoint Human Services, Inc., does not have to persuade you of this fact by a required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

*Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.*

*In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, Crosspoint Human Services, Inc., unless you find that defendant's reason was a pretext for discrimination.*

Plaintiff No. _____
Accepted _____
Refused _____

## § 173.70  Compensatory Damages

If you find that defendant, Crosspoint Human Services, Inc., unlawfully discriminated against Anna Williams on the basis of her age, then you must determine the amount of damages that Anna Williams has sustained, if any.

That is, you are to award Thelma Tinsley an amount equal to the pay Anna Williams would have received from defendant, Crosspoint Human Services, Inc had Anna Williams not been discharged from the time that Anna Williams was discharged until the date of her death on January 15, 2002.

You should deduct from this sum whatever wages Anna Williams has obtained from other employment during this period.

Plaintiff No. _____
Accepted _____
Refused _____

## § 106.02 Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Plaintiff No. _____
Given _____
Refused _____

## § 108.01 Agent of Corporation

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

### § 172.10 Generally

The Americans With Disabilities Act (ADA) provides that:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 172.75 Mitigation of Damages

Plaintiff Beth McClyde must make every reasonable effort to minimize of reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant Crosspoint Human Services, Inc. must prove by a preponderance of the evidence that the plaintiff Beth McClyde failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff Beth McClyde is entitled to damages, you must reduce these damages by

1. What plaintiff Beth McClyde earned and
2. What plaintiff Beth McClyde could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Beth McClyde must accept employment that is "of a like nature." In determining whether employment is a "of a like nature," you may consider

1. The type of work,
2. The hours worked,
3. The compensation,
4. The job security,
5. The working conditions, and
6. Other conditions of employment.

You must decide whether plaintiff Beth McClyde acted reasonably in not seeking or accepting a particular job. If you determine plaintiff Beth McClyde did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff Beth McClyde for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 172.80 Verdict Form

On the disability claim of plaintiff Thelma Tinsley, as submitted in Instruction _____, we find in favor of (check one)

☐ Plaintiff _____ or

☐ Defendant _____.

Complete the following paragraphs only if the above finding is in favor of plaintiff Thelma Tinsley. If the above finding is in favor of defendant Crosspoint Human Services, Inc., have your foreperson sign and date this form because you have completed you deliberation on this claim.

We find plaintiff's damages as defined in Instruction _____ to be:

$_____ (stating the amount or, if none, write the word "none") (stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).

We assess punitive damages against defendant _____, as submitted in Instruction _____, as follows:

$_____ (stating the amount or, if non, write the word "none").

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

### § 172.81 Jury Interrogatories-Disparate Treatment

Do find from a preponderance of the evidence:

1. That plaintiff Anna Williams had a "disability," as defined in these instructions?
Answer Yes or No _____

2. That plaintiff Anna Williams was a "qualified individual," as defined in these instructions?
Answer Yes or No _____

3. That plaintiff Anna Williams was terminated and refused re-employment by defendant Crosspoint Human Services Inc.?
Answer Yes or No _____

4. That plaintiff's disability was a substantial or motivating factor that prompted defendant Crosspoint Human Services Inc. to take that action?
Answer Yes or No _____
*Note:* If you answered "No" to any of the preceding questions you need not answer the remaining questions.

5. That plaintiff Thelma Tinsley should be awarded damages to compensate for a net loss of wages and benefits to the date of trail?
Answer Yes or No _____
If your answer is Yes, in what amount? $_____

6. That plaintiff Thelma Tinsley should be awarded damages to compensate for emotional pain and mental anguish?
Answer Yes or No _____
If you answer is "Yes," in what amount? $_____

    7(a)    That a higher management official of defendant Crosspoint Human Services Inc. acted with malice or reckless indifference to plaintiff's federally protected rights?
Answer Yes or No _____

    (b)    If your answer is "Yes," that defendant Crosspoint Human Services Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?
Answer Yes or No_____

    (c)    If your answer is "Yes," what amount of punitive damages, if any, should be assessed against defendant Crosspoint Human Services Inc.? $_____.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 173.24 Statistical Evidence

In determining whether plaintiff Thelma Tinsley has proven by a preponderance of the evidence that the defendant's reorganization has adversely or disparately impacted on members of plaintiff's protected class, you must consider the extent or the degree of the claimed impact.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 173.25 Respondeat Superior

Defendant Crosspoint Human Services, Inc. is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employees actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employees' duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's delegated authority or outside the scope of the agent or employee's duties may not bind the corporation. However, even though an at is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the complained of was within the scope of authority, you should consider such factors as where the acts took plaice and their foreseeablility.

Plaintiff No. _____
Accepted _____
Refused _____

## § 173.40 Willful

If defendant, Crosspoint Human Services, Inc., knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

**Plaintiff No.** ____
**Accepted** ____
**Refused** ____

## § 173.41 Determinative Fact

A "determinative factor" means that plaintiff Thelma Tinsley must prove defendant, Crosspoint Human Services, Inc., would not have taken the adverse employment action alleged but for Anna William's age.

### § 173.41 Determinative Fact

A "determinative factor" means that plaintiff Thelma Tinsley must prove defendant, Crosspoint Human Services, Inc., would not have taken the adverse employment action alleged but for Anna William's age.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 173.72 Liquidated Damages

If you find that Anna Williams was discriminated against by defendant, Crosspoint Human Services, Inc., on the basis of age, then you must decide whether defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff Thelma Tinsley money damages in addition to the back pay that you have awarded.

A violation is willful if defendant, Crosspoint Human Services, Inc., knew its action was a violation of the law, or acted in reckless disregard of that fact. If defendant, Crosspoint Human Services, Inc., did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

**Plaintiff No.** _____
**Accepted** _____
**Refused** _____

## § 173.75 No Punitive or Exemplary Damages

If you determine the plaintiff, Thelma Tinsley, is entitled to damages in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing defendant, Crosspoint Human Services, Inc., or serving as an example to warn others.

**Plaintiff No. _____**
**Accepted _____**
**Refused _____**